Travelers Indemnity Company, Appellant *v.* Rexnord, Inc., Appellee.

Argued May 4, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Frank J. Kernan,* with him *Plowman and Spiegel,* for appellant.

*Gary P. Caruso,* with him *Shire, Bergstein & Caruso,* for appellee.

OPINION BY JUDGE DiSALLE, July 26, 1978:

On January 15, 1975, Rexnord, Inc. (Rexnord), a supplier of materials for use in the construction of a sewage treatment plant for the Mid-Mon Valley Water Pollution Control Authority, filed this action in assumpsit against Travelers Indemnity Company (Travelers), surety on the labor and materialmen's payment bond. The case was consolidated for trial with an earlier action brought by Rexnord against N. Victoria, Inc. (Victoria), the contractor on the job and the principal on Travelers' bond. The case, as

consolidated, was submitted to the Court of Common Pleas of Westmoreland County, to be decided on the pleadings and a stipulation of facts. By order dated April 15, 1977, the court below entered judgment for Rexnord and against Travelers and Victoria. Travelers thereupon appealed to this Court.[1]

Travelers' principal contention is that the action against it was not timely brought and should, therefore, have been barred. In order to assess the validity of this argument, a chronological recitation of the facts is necessary.

The labor and material payment bond was issued by Travelers on January 28, 1972. Included in the terms of that bond is the provision:

[T]hat no such suit shall be commenced prior to ninety (90) days from the date upon which said person, co-partnership, association or corporation furnished, supplied or performed the last of the material or labor for which the said claim is made, and every such suit shall be commenced not later than one (1) year from the date when the cause of action accrued.

On February 10, 1972, after preliminary negotiations had been concluded, Victoria ordered certain materials from Rexnord. As set forth in the purchase order, the terms of payment required ninety per cent of the purchase price due on delivery, with the remaining ten per cent due ninety days thereafter. Rexnord delivered the materials in May of 1973, but Victoria

---

[1] This case is not unlike *Valley Forge Industries, Inc. v. Armand Construction, Inc.*, 248 Pa. Superior Ct. 53, 374 A.2d 1312 (1977). There, the Superior Court transferred the proceedings to this Court, holding that jurisdiction over the appeal properly lay with us. We note that *Valley Forge* has not yet been decided by our Court and is, in fact, scheduled for oral argument in September. However, for the sake of expediency and fairness to the litigants in this case, we will reach and decide the merits.

failed to make payment therefor. The amount claimed due and unpaid totaled $12,291. Rexnord notified Travelers of this claim by letter dated October 25, 1973. Thereafter these two parties engaged in correspondence concerning payment of the amount. The last letter sent by Travelers to Rexnord, dated February 4, 1974, contained the following language: "We are currently in the process of discussing this matter with our Principal and you may expect to hear from them or us in the near future. If you have not been contacted within a reasonable period of time, please do not hesitate to advise." We must presume that Victoria did contact Rexnord, since in March of 1974, Victoria entered into an agreement with Rexnord and agreed to pay the entire indebtedness, the terms of which were that Victoria would pay $3,291 immediately and the balance of $9,000 in equal monthly installments of $3,000 per month beginning April 15, 1974.[2] The first payment of $3,291 was paid to Rexnord. However, no further payments were made by Victoria under this agreement. Rexnord thereafter filed suit against Victoria on July 3, 1974, and, as stated previously, against Travelers on January 15, 1975.

It is Travelers' position that the cause of action accrued no later than September 1, 1973, which was ninety days after Rexnord furnished the materials to Victoria, and that the bond provision requiring suit to be brought within one year from that date barred the present action. We do not agree.

The flaw in Travelers' argument is that it overlooks the subsequent agreement entered into between

---

[2] The lower court found that a tee-rail which had been ordered was subsequently cancelled and not delivered. Victoria's officer was not aware of this cancellation when the agreement was entered into. The order of the lower court reflects an adjustment in the amount owing Rexnord due to the non-delivery of this item.

Victoria and Rexnord establishing a new payment schedule. The general rule is that where the principal and creditor, without the surety's consent, make a binding agreement to extend the time of payment by the principal, the surety, if he is a compensated surety, as is Travelers, is discharged only to the extent that he is harmed by the extension. RESTATEMENT OF SECURITY §129 (1941); *see Phillips v. American Liability & Surety Co.*, 309 Pa. 1, 162 A. 435 (1932). This general rule is not applicable in the present case, however, since Travelers consented to the modification of the original contract. This consent was manifested in the letters that were sent to Rexnord.

A surety's consent to an extension of the time of payment may be given either before or after the extension is made. *Central-Penn National Bank of Philadelphia v. Tinkler,* 351 Pa. 123, 40 A.2d 389 (1945). The correspondence between Rexnord and Travelers clearly indicates that Travelers approved of, and in fact, encouraged, Rexnord's dealing with Victoria and its attempt to make arrangements concerning the recovery of the monies due it.[3] Although the language used by Travelers did not constitute express consent to the particular terms of the subsequent agreement between Rexnord and Victoria, the only reasonable construction to be given the correspondence is that Travelers was aware of the extension and acquiesced in it. Furthermore, Travelers accepted the benefits of this agreement by claiming a credit for the amount paid by its principal, Victoria, under the terms of the agreement. In situations such as this, a surety is bound by his consent, whether it becomes

---

[3] We note that each letter from Travelers to Rexnord contained an express reservation of rights. This reservation, however, conflicts with the other language encouraging an amicable resolution of the problem.

part of his contract or amounts to a waiver of a defense.[4] RESTATEMENT OF SECURITY §129, comment b (1941). We view Travelers' consent to the agreement as constituting a waiver of the defense that Rexnord failed to initiate the action against it before September 1, 1974.

Travelers would also have us decide that the action is barred by the statute of limitations set forth in Section 7 of the Public Works Contractors' Bond Law of 1967, Act of December 20, 1967, P.L. 869, 8 P.S. §197.[5] The law is clear that parties to a lawsuit or a potential lawsuit may, by agreement, modify a statutory period of limitation. *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971); *Marseilles v. Kenton's Executors*, 17 Pa. 238 (1851). This was done here. The language of the limitation provision in the bond states: "[E]very such suit shall be commenced not later than one (1) year from the date when the cause of action *accrued*." (Emphasis added.) This provision, which applied to the original payment schedule, became applicable to the new payment schedule when Travelers consented to the agreement. The cause of action accrued, therefore, when Victoria breached the agreement modify-

---

[4] Rexnord, relying on *Commonwealth v. Transamerican Insurance Co.*, 462 Pa. 268, 341 A.2d 74 (1975), argues that the correspondence between it and Travelers amounted to a waiver of the time limitation provision entirely. We disagree. The facts in *Transamerica* are much stronger than in the present case. There, the course of conduct between the parties clearly demonstrated that the terms of the policy were waived by the acts of the insurer. Here, we cannot say that the exchange of letters rose to that level. While it may be that mere correspondence may constitute a waiver in some situations, the contents of these letters do not so indicate.

[5] It is provided therein, *inter alia*:

   (b) No such action may be commenced after the expiration of one year from the day on which the last of the labor was performed or material was supplied for the payment of which such action is brought by the claimant.

ing the terms of payment. Since the suit against Travelers was filed within a year of that date, we determine that the action was timely filed.

Accordingly, we affirm.

ORDER

AND Now, this 26th day of July, 1978, the order of the Court of Common Pleas of Westmoreland County, dated April 15, 1977, is hereby affirmed.