**MANGANAS PRINTING COMPANY, INC., Plaintiff,**

**v.**

**JOSEPH BUCHEIT AND SONS COMPANY and St. Paul Fire and Marine Insurance Company, Defendants.**

**Civ. A. No. 84–381.**

United States District Court,
W.D. Pennsylvania.

Jan. 25, 1985.

Joseph Talarico, Pittsburgh, Pa., for plaintiff.

Theresa Homisak, Pittsburgh, Pa., for Joseph Bucheit & Sons.

Jack W. Plowman, Pittsburgh, Pa., for St. Paul Fire & Marine Ins. Co.

OPINION

WEBER, District Judge.

This case is a breach of contract action brought by a subcontractor against the contractor and its surety seeking payment

for work performed in 1979. The action is currently before the court on defendant St. Paul Fire and Marine Insurance Company's motion for summary judgment. The court has considered briefs and evidentiary materials submitted by the parties.

The sole argument advanced by defendant St. Paul Fire and Marine Insurance Company is that plaintiff's claim against it is barred by a one year statute of limitations which it claims began to run on the last date that labor was performed. It is admitted that this occurred in October 1979. Defendant St. Paul relies on the terms of the bond which incorporated the Pennsylvania Public Works Contractor's Bond Law of 1967, 8 P.S. § 191 *et seq.*, (Repealed June 27, 1978), and on 42 Pa.C.S.A. § 5523 as authority for its arguments.

Plaintiff opposes defendant St. Paul's motion by arguing the existence of a genuine issue of material fact, that it is unclear when the actual breach of the contract occurred. Plaintiff first argues that the repealed statute, 8 P.S. § 197 (defining the limitation period as one year from the last date labor was performed) does not apply. Plaintiff further argues that the applicable statute, 42 Pa.C.S.A. § 5523, has no provision which defines when the one year statute of limitations begins to run. In sum, plaintiff argues that the repeal of the statute of limitations provisions in 8 P.S. § 191, *et seq.*, and its "replacement" by a more general statute of limitations, 42 Pa.C.S.A. § 5523, is a modification of the original terms of the bond, and that we must therefore determine the commencement of the statutory period under the bond to determine the liability of the surety.

■ We do not agree. The bond incorporates the provisions of the 1967 Act as they existed at the time the bond was executed in 1974, including the one year statute of limitations commencing from the day on which the last labor was performed.

■ Even if we accepted plaintiff's argument, plaintiff would not prevail since plaintiff could have filed suit on the underlying contract for money due and owing after it completed its work in October 1979, or following the last partial payment it received from Bucheit in November of 1979. Defendant Bucheit's assurances of payment do not prevent plaintiff's cause of action from accruing. The Pennsylvania Superior Court opinion cited by the plaintiff is not determinative since the underlying contract in that case contained express language indicating that the principal's obligation to make payment did not arise until after the principal itself received payment from the owner, *C.M. Eichenlaub Company v. Fidelity & Deposit Company of Maryland*, 293 Pa.Super. 11, 437 A.2d 965, 967 (1981), and a breach could not occur prior to the existence of an obligation to pay. In the present case, there is no question of the principal's obligation to pay once the labor was performed.

■ Plaintiff finally argues that the terms of the payment bond provide that it would "remain in full force and effect" until the obligations of the principal are paid in full. Plaintiff's paraphrasing of the terms of the payment bond attempts to create a contradictory provision that would weigh against application of the statute of limitations. We do not believe that the actual provision of the payment bond, when read in context, contains such a contradiction. Rather this provision was intended to limit the surety's obligation to pay those sums due and owing which were not paid by the principal.

Although it has not been raised by the surety, we recognize that the defenses of Bucheit and the surety may differ, according to the terms of the surety bond. The surety bond contains a limitation of time within which suit must be instituted against it. While the plaintiff's reliance on assurances made by Bucheit might estop Bucheit from raising a statute of limitations defense, *see Burke v. Gateway Clipper, Inc.*, 441 F.2d 946 (1971), we find no reason for defendant St. Paul to be similarly estopped.

For the reasons stated, we find no genuine issue of material fact, and will grant the motion of defendant St. Paul Fire and

Marine Insurance Company for summary judgment of dismissal.