505 A.2d 613

**UNITED PLATE GLASS COMPANY, DIVISION OF CHRO-MALLOY AMERICAN CORPORATION, Appellant,**

**v.**

**METAL TRIMS INDUSTRIES, INC. and the Travelers Insurance Company.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1985.

Filed Feb. 25, 1986.

Charles E. Bobinis, Pittsburgh, for appellant.

David A. Scott, Pittsburgh, for appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

DEL SOLE, Judge:

This appeal follows the trial courts dismissal of Appellant's exceptions filed to an order directing judgment against Appellant and in favor of both Appellees.

The underlying action concerned a dispute which developed as a result of the construction of the Pittsburgh Convention Center, a public works project. The Commonwealth of Pennsylvania Department of General Services, as owner, contracted with Frank Brisco Company (Brisco) as the "prime contractor". Brisco then entered an agreement with Appellee, Metal Trims Industries, Inc. (Metal) whereby Metal was obligated to supply and install all metal window

walls, glass, doors, frames, and glazing for the project. Thereafter, Metal subcontracted some of its work to Appellant. Appellee, Travelers Indemnity Company (Travelers) provided a performance and payment bond in favor of the Department of General Services, as required by the Public Work Contractors' Bond Law. 8 P.S. § 191 et seq. In July of 1982, Appellant brought suit against both Metal and Travelers for $41,541.22, the amount alleged to be the unpaid balance under the contract, plus interest and costs. A non-jury trial was held and the court found in favor of both Appellees. Subsequently, Appellant's exceptions were denied and the judgment was entered from which this timely appeal was filed.

Because the instant appeal raises an issue involving the interpretation and application of a statute which regulates the affairs of political subdivisions, municipalities, local authorities or public corporation, we find that it is appropriate to transfer this case to the jurisdiction of the Commonwealth Court.

The applicable section of the Judicial Code which establishes the jurisdiction of Commonwealth Court provides:

§ 762. Appeals from the Courts of Common Pleas

(a) General Rule.—Except as provided in subsection (b), the Commonwealth Court shall have *exclusive jurisdiction* of appeals from final orders of the courts of common pleas in the following cases:

.        .        .        .        .

(4) Local government civil and criminal matters.—

(i) All actions or proceedings ... where is drawn in question the application, interpretation or enforcement of any;

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof ...

42 Pa.C.S.A. § 762(a)(4)(i)(A). Emphasis added.

The trial court in entering judgment in favor of Metal and Travelers based its decision, in part, on its finding that Appellant's claim was barred by the applicable statute of limitations, and that Appellant failed to supply written notice to the contractor within 90 days from the date the last labor or materials was furnished as required by the Public Works Contractors' Bond Law, 8 P.S. § 194(b).

The interpretation and/or application of the Bond Law was also drawn in question in *Valley Forge Industries v. Armand Const.*, 248 Pa.Super. 53, 374 A.2d 1312 (1977). The *Valley Forge* court was specifically considering that portion of the Bond Law which contained a statute of limitations, and the court stated:

The Public Works Contractors' Bond Law contains a carefully constructed set of relationships between the various parties to public works contracts executed by governmental units of this Commonwealth. The law serves two main purposes. First, it is designed to protect the contracting body by assuring faithful performance of the contract. Second, the law provides a substitute remedy for subcontractors who supply labor and materials and who are excluded from the protections afforded by the Mechanics' Lien Law of 1963. (citations omitted) An interpretation of this statutory scheme will necessarily affect both existing and future bonds required by the act. We conclude that the Public Works Contractors' Bond Law is an 'act of the General Assembly regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or the officers, employes or agents thereof, acting in their official capacity, . . .' within the meaning of § 402 of the Appellant Court Jurisdiction Act. Thus, jurisdiction over this appeal properly lies with the Commonwealth Court.

248 Pa.Super. at 58, 59, 374 A.2d at 1315.

The instant case contains two issues which concern application of the Bond law. First is the question of Appellant's compliance with the notice requirements of 8 P.S. § 194.

Secondly, this case also requires application of the statute of limitations previously contained in the Bond Law.

Although the trial court ruled that the suit was untimely filed, citing 42 Pa.C.S.A. § 5523(4), the appropriate statute of limitations is that which was contained in the Bond Law. In *Manganas Printing Co., Inc. v. Joseph Bucheit & Sons Co.*, 601 F.Supp. 776, D.C. 1985, it was held that a contractors bond which incorporated the Pennsylvania Public Works Contractor's Bond Law of 1967, 8 P.S. § 191 et seq., incorporated statutory provision as they existed at the time the bond was executed. If a bond is executed after June 27, 1978, the effective date of 42 Pa.C.S.A. § 5523, the one year statute of limitation found therein controls, and the action or proceeding is barred if not brought within one year from the time the cause of action accrued. However if a bond is executed prior to June 27, 1978 the application of 8 P.S. § 197 (now repealed) would be called into question, and the statute of limitations would begin to run as of the day the last labor was performed or material was supplied.

■ The Bond in this case specifically incorporates the Bond Law of 1967, however, the trial court made no finding as to the date the Bond was executed and the copy of the Bond contained in the record is not dated. Nevertheless, attached to the Bond is the corporate acknowledgement of the Vice-President of Brisco. The acknowledgment is notarized by a notary public whose commission expired May 9, 1978. This leads us to conclude that the document was executed some time prior to May 9, 1978. Lending support to this conclusion is the Power of Attorney attached to the Bond document, which was executed April 1, 1976. Since we find that the Bond was executed prior to the repeal of 8 P.S. § 197, the statute of limitations contained therein, which provided that no action could be commenced after the expiration of one year from the day on which the last labor was performed or material was supplied, controls.

■ Although we conclude that this appeal raises issues involving the application of the Bond Law, an act whose

application and interpretation is properly a matter for the Commonwealth Court we have considered whether to exercise our discretionary powers to decide the case since neither party has objected to our jurisdiction. We have considered (1) whether the case has already been transferred; (2) whether conflicting line of authority might develop; [1] and (3) whether the transfer would disrupt the legislatively ordained division of labor. *Karpe v. Borough of Stroudsburg*, 315 Pa.Super. 185, 461 A.2d 859 (1983).

While this case has not been previously transferred, this factor alone does not resolve the matter for we recognize the delay in the resolution of this case that the transfer necessitates. However, as noted by the court in *Valley Forge Industries v. Armand Const.*, supra, in considering the Public Works Contractors' Bond Law, we must guard against the possibility that two inconsistent lines of authority might develop concerning the same subject matter. (*See also: Travelers v. Rexnord*, 37 Pa.Cmwlth. 20, 389 A.2d 246 (1978), which considers 8 P.S. § 197). Finally we conclude that the division of labor between this court and our sister court would be served rather than disrupted if the Commonwealth Court heard all appeals involving the application and interpretation of the Pennsylvania Public Works Contractors' Bond Law.

Case transferred to Commonwealth Court.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. Because neither party has objected to the jurisdiction of this Court, our jurisdiction has been

---

1. Recently, a panel of our Court filed an opinion which held that 42 Pa.C.S.A. § 8542 precluded municipal liability for injuries caused by the criminal acts of third person on property under the municipality's ownership and control. *Casey v. Geiger and the Borough of Camp Hill*, 346 Pa.Super. 279, 499 A.2d 606, (1985) (Hoffman, J. dissenting). One month earlier, the Commonwealth Court filed an opinion which seems to reach the opposite result. *Johnson v. SEPTA*, 91 Pa.Cmwlth. 587, 498 A.2d 22 (1985), (Craig, J. dissenting); (Barry, J. concurring). It is this sort of problem we hope to avoid by transferring this case.

perfected. Pa.R.A.P. 741(a). It is true, of course, that we nevertheless have discretion to decide the case on its merits or transfer it to Commonwealth Court. Pa.R.A.P. 752(a). However, I believe the interests of the parties would best be served by retaining jurisdiction and deciding the appeal on its merits. One of the issues raised on this appeal presents a question of pure contract law, i.e., whether all of the preconditions to payment of appellant on its subcontract have been satisfied. The statute of limitations issue, moreover, does not contain the potential for a novel interpretation of a legislatively adopted statute of limitations. The resolution of the issue depends upon a relatively straightforward, factual determination regarding the lapse of time; and our sole responsibility is to determine whether the facts found by the trial court are supported by the evidence.

I would retain jurisdiction and decide the appeal on its merits.