# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **DONALD A. FRIEDMAN,** | ) | Shelby County Circuit Court |
|  | ) | No. 66700 T.D. |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9705-CV-00100 |
|  | ) |  |
| **JOHN B. LOWERY**, | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

<div style="border:1px solid black">

# FILED

**October 28, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

</div>

From the Circuit Court of Shelby County at Memphis.
**Honorable Kay S. Robilio, Judge**

**Stewart C. Stallings**, STEWART, WILKINSON AND WILSON, Memphis, Tennessee
Attorney for Plaintiff/Appellant.

**Thomas Lee Hinson**, Collierville, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**REVERSED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

Plaintiff Donald A. Friedman appeals the trial court's order which entered a judgment in favor of Defendant/Appellee John B. Lowery in this action on a Guarantee Agreement. We reverse the trial court's judgment based on our conclusion that Lowery was not relieved of his obligation as a guarantor under the Guarantee Agreement.

In December 1992, Friedman loaned $10,000 to Joe Cooper, who is not a party to this proceeding. The loan was evidenced by an installment note, which required Cooper to repay the sum of $10,000, together with interest thereon at the rate of eight percent (8%) per year, in accordance with the following schedule: the sum of $66.67 on January 7, 1993, and the balance of $10,066.67 on February 7, 1993.

Friedman later agreed to loan $2,500 to Defendant Lowery. In consideration for the loan, Lowery executed a "Guarantee Agreement" in which he agreed to guarantee the payment of the Cooper loan, including interest, to Friedman. Specifically, Lowery agreed to repay the loan in full upon the occurrence of two events: (1) Lowery's divorce becoming final; and (2) Cooper failing to pay the loan in full within five days of Lowery's divorce being final.

In December 1993, Friedman and Cooper entered into a "Settlement Agreement" agreeing to an extension of Cooper's repayment of the $10,000 loan. Lowery did not object to the extension of the Cooper loan and, in fact, by his own admission,[1] he participated in negotiations between Friedman and Cooper to extend the term of the loan. The Settlement Agreement extended the term for repaying the loan by approximately eight years.

After making payments totaling only $1,025, Cooper defaulted on the loan. Friedman then filed this lawsuit against Lowery seeking to recover on the Guarantee Agreement executed by Lowery. At the time of trial, Lowery's divorce was final. Accordingly, both of the conditions specified in the Guarantee Agreement had occurred.

At the trial's conclusion, the trial court entered a judgment in favor of Lowery.

---

[1] Lowery's testimony was introduced at trial by deposition.

Relying on the decision of ***Bank of Waynesboro v. Ghosh***, 576 S.W.2d 759 (Tenn. 1979), the court ruled that, "although [Lowery] had guaranteed a loan to Joe Cooper, the terms of the underlying obligation were renegotiated such that [Lowery] was relieved of his obligation as a guarantor."

On appeal, Friedman contends that the trial court's ruling was in error. We agree. In ***Bank of Waynesboro v. Ghosh***, our supreme court held that

> Given a noncommercial guarantor, where a principal and creditor, ***without the guarantor's consent***, make a binding agreement to extend the time of payment by the principal, the guarantor is discharged unless the creditor expressly reserves his rights against him.

***Bank of Waynesboro***, 576 S.W.2d at 762 (emphasis added) (footnote omitted). We conclude that the foregoing rule of law does not apply in this case because Lowery's own testimony reveals that he consented to the extension of the loan between Friedman and Cooper.

A guarantor is not released if he consents to the extension of time. ***See Travelers Indem. Co. v. Rexnord, Inc.***, 389 A.2d 246, 248 (Pa. Commw. Ct. 1978); ***Lincoln v. Transamerica Inv. Corp.***, 573 P.2d 1316, 1318 (Wash. 1978) (en banc); ***see also Bank of Tennessee v. Collier***, 1987 WL 6787, at *3 (Tenn. App. Feb. 18, 1987). The guarantor's consent may be given either before or after the extension is made, and such consent need not be in writing. ***Travelers***, 389 A.2d at 248; ***Lincoln***, 573 P.2d at 1318. Where the guarantor is aware of the extension and acquiesces in it, such consent will be inferred. ***Travelers***, 389 A.2d at 248.

In the present case, Lowery's testimony revealed that he was aware that Friedman and Cooper were renegotiating the repayment terms of the loan, that he actually participated in some of the negotiations for extending the loan, and that he never objected to the extension. Under these circumstances, we hold that, as a matter of law, the Settlement Agreement did not relieve Lowery of his obligation as a guarantor under the Guarantee Agreement.

The trial court's judgment is reversed and this cause remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to Appellee, for which execution may

issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)