450 A.2d 130

George SOLOMON and George Teslovich, t/a Solomon & Teslovich, A Partnership

v.

A. JULIAN INC., A Corporation, Peerless Insurance Company, Anjo Construction Company, A Corporation, and Transamerica Insurance Company.

Appeal of PEERLESS INSURANCE COMPANY.

Appeal of SOLOMON & TESLOVICH.

Superior Court of Pennsylvania.

Argued Jan. 12, 1982.

Filed Sept. 10, 1982.

Petition for Allowance of Appeal Denied Dec. 28, 1982.

120

Robert F. McCabe, Pittsburgh, for appellants at No. 1138 and for appellees at No. 1161.

Michael J. Seymour, Pittsburgh, for Solomon, appellants at No. 1161 and for appellees at No. 1138.

Alan Berman, Pittsburgh, for Anjo et al., appellees.

Before HESTER, BECK and VAN der VOORT, JJ.

HESTER, Judge:

Appellant, Peerless Insurance Company, has appealed the order of the Court of Common Pleas of Allegheny County, sitting as a Court en banc composed by Finkelhor, J. and Barry, J., affirming the adjudication of Finkelhor, J., and dismissing exceptions filed to the adjudication. The facts involved are not in dispute.

Solomon & Teslovich is a partnership engaged in the business of trucking and excavating. A. Julian, Inc. rented trucks and drivers from Solomon and Teslovich (hereinafter "S & T"), as part of a state highway project, for which Anjo Construction Company acted as the general contractor. S & T supplied trucks and drivers to Julian from August 19, 1974 through November 19, 1974.

Peerless provided A. Julian, Inc. with a Labor and Material Payment Bond for a contract dated June 28, 1974 between Julian and Anjo. Pursuant to the terms of said bond, Peerless agreed to guarantee the payment of the labor and material provided to A. Julian, Inc. in connection with this construction contract.

On July 1, 1977, S & T filed suit in assumpsit, claiming the balance due for said services in the amount of $27,721.00.

S & T's claim against Anjo was based on a theory of unjust enrichment. S & T also filed suit against Transamerica Insurance Company, the bonding company for Anjo. Transamerica filed preliminary objections raising the bar of the statute of limitations, which objections were sustained by the lower court on October 18, 1977. No appeal was taken from this order. Peerless neither filed preliminary objections nor raised a statute of limitations defense in its New Matter filed on August 27, 1977.

There is no dispute that Julian owes the sum claimed. However, on the day of trial, Julian filed a voluntary petition in bankruptcy, and all proceedings were automatically stayed with respect to Julian.

Initially, counsel for A. Julian, Inc. also represented Peerless. However, when Julian filed bankruptcy, present counsel for Peerless entered his appearance and attempted to amend Peerless' New Matter so as to raise the statute of limitations and the contractual period of limitations specified in the Labor and Material Payment Bond. The lower court denied the request for leave to amend.

Following the disposition of exceptions, the lower court entered judgment in favor of Solomon & Teslovich against Peerless in the amount of $27,721.00 and in favor of Anjo. Solomon & Teslovich has also appealed that portion of the lower court's order in favor of Anjo.

Peerless does not contend that the lower court abused its discretion in refusing its request to amend its New Matter so as to raise the bar of the applicable statute of limitations.[1] The arguments of Peerless focus on the limitation period specified in the bond itself.

The Labor and Material Payment Bond at issue provides:

"No suit or action shall be commenced hereunder by any claimant: . . . (b) after the expiration of one year following the date on which Principal ceased work on said contract . . ."

It is undisputed that A. Julian, Inc., the "Principal" of the Bond, last worked on the project on June 21, 1975.

In its Count against Peerless, S & T did not attach a copy of the bond at issue. The Complaint alleged:

That said labor and material payment bond is in the sole possession of Peerless Insurance Company and A. Julian,

---

1. Although neither party has stated what the applicable statute of limitations was, our independent research confirms that the applicable one-year statute of limitations during the period in question was set forth in Section 7 of the Public Works Contractors' Bond Law of 1967, Act of December 20, 1967, P.L. 869, 8 P.S. Section 197 (repealed) (See generally 42 Pa.C.S.A. Section 5523(4)).

Inc. and therefore a copy of same is not attached hereto or made a part thereof.[2]

In its Answer and New Matter, Peerless denied that the labor and material bond was in the sole possession of Peerless or Julian.[3]

Peerless argues that, since the bond was not attached to the complaint, Peerless could not waive a defense which appears in the written instrument, upon which the claim is premised, until the plaintiff produces the written instrument. Peerless alternatively argues that S & T was required to produce the instrument and prove its compliance with all express conditions precedent in that instrument in order to prove its entitlement to relief. Under Pennsylvania Rule of Civil Procedure 1032, a defense relating to a failure to state a claim upon which relief can be granted is never waived and can be raised for the first time at the trial on the merits.[4]

In *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 51, 284 A.2d 728, 729 (1971), the Supreme Court held:

**2.** Since S & T did allege that the bond was not accessible to it, it would appear that S & T complied with Pennsylvania Rule of Civil Procedure 1019(h). Therefore, Peerless could not preliminarily object to the failure of S & T to attach a copy of the bond.

**3.** The record is unclear as to the lower court's disposition of this factual issue. Apparently, the original bond was in the possession of Anjo as the "Owner". However, it is unclear as to when a copy of the executed bond was actually supplied to S & T. In any event, in light of our conclusion in the case, we need not remand for an evidentiary hearing concerning this issue.

**4.** The contractual period of limitation contained in the bond actually expanded the applicable statute of limitations. Section 7 of the Public Works Contractors' Bond Law of 1967, 8 P.S. Section 197 (repealed) provided, *inter alia:*

"(b) No such action may be commenced after the expiration of one year from the day on which the last of the labor was performed or material was supplied for the payment of which such action is brought by the claimant."

Since S & T last provided services concerning the project on November 19, 1974, the applicable one-year statute of limitations would run from that date. However, according to the contractual period of limitations, the one-year period would start to run on June 21, 1975 when the Principal, Julian, ceased work on the project.

"It is true, of course, that parties to a lawsuit or potential lawsuit may modify the statutory period of limitation, but such a contract is good only as between themselves; they may not so contract in derogation of the rights of a third party who was not privy to the agreement." See also *Travelers Indemnity Company v. Rexnord, Inc.,* 389 A.2d 246, 249, 37 Pa.Cmwlth. 20 (1978); 42 Pa.C.S.A. Section 5501(a).[5]

▉ We hold that, even though S & T did not attach a copy of the bond to the complaint, Peerless still should have raised the bar of the contractual period of limitation as an affirmative defense under New Matter. The contractual period of limitation, if timely raised, operates to effectively bar an otherwise valid, but stale, claim. Therefore, it constitutes an affirmative defense, the same as a statutory period of limitation, rather than a condition precedent with which a plaintiff must affirmatively allege and prove compliance in order to state a claim upon which relief can be granted. Accordingly, Peerless waived the contractual period of limitation, and its attempt to amend its New Matter on the eve of trial, almost three years after its original New Matter was filed, was untimely. The lower court, under these circumstances, did not abuse its discretion in denying the untimely request of Peerless for leave to amend its New Matter. *Echon v. Pennsylvania Railroad Company,* 365 Pa. 529, 534, 76 A.2d 175, 177–8 (1950).

▉ Peerless also argues that it is not liable to make payment on a labor and material payment bond for labor and material supplied prior to the date of the bond. The bond is dated November 20, 1974, and S & T supplied trucks and drivers from August 19, 1974 through November 19, 1974. However, we agree with the lower court that the express reference in the bond to the written agreement between Julian and Anjo, dated June 28, 1974 constitutes an express assumption of liability by Peerless to make payment for labor and material furnished retroactive to that date.

5. On the basis of our decision, we need not address or decide whether S & T, as an expressly-intended claimant and third party beneficiary of the Bond, was "privy" to the terms stated therein.

On the basis of our disposition of this matter, we need not address the issues raised by Solomon & Teslovich concerning the lower court's decision in favor of Anjo.

Order affirmed.