505 A.2d 610

**Leroy ATWATER, Sr. and Sarah J. Atwater, Appellees,**

**v.**

**TERMINIX INTERNATIONAL, INC., and Bob Yost's Repair Service, Inc.**

**Appeal of TERMINIX INTERNATIONAL, INC.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1985.

Filed Feb. 28, 1986.

222

Michael J. Brillhart, York, for appellant.

Daniel W. Shoemaker, York, for appellees.

Before ROWLEY, OLSZEWSKI and MONTEMURO, JJ.

MONTEMURO, Judge:

On March 22, 1982, appellees filed a complaint in trespass and assumpsit against appellant, Terminix International, Incorporated. Briefly stated, appellees allegations were that, in anticipation of obtaining a mortgage and thereafter purchasing their current residence, appellant was contracted to perform a wood infestation inspection. Following the inspection, appellant allegedly prepared a report representing that the property was free of termites and/or other wood destroying insects. The bases of appellees' complaint

were the claimed negligent failure of appellant to discover the property's actual infestation and appellees' alleged detrimental reliance upon appellant's representations.

Appellees' case was subsequently tried before the Honorable James E. Buckingham, of the Court of Common Pleas of York County, and a jury. On June 22, 1984, the jury returned a verdict in favor of appellees in the amount of $22,000.00 with an additional award of $2,050.00 representing the value of appellees' loss of the use of their property. In response to appellant's motion for post-trial relief, the court below filed an opinion and order on December 4, 1984, directing the entry of judgment in appellees' favor for $22,000.00, yet remitting the loss of use award. This timely appeal followed.

Appellant instantly frames five issues for our consideration and we shall address each *ad seriatim.*

Appellant first argues that the jury erred in assessing damages in the amount of $22,000.00 in that the evidence adduced at trial was inadequate to support such a verdict. We disagree. Appellant specifically contends that appellees' recovery should have been limited to compensation for only those damages that were demonstrated by direct, non-circumstantial evidence.

At trial, appellees presented the expert testimony of John Roth, a building contractor, with regard to the cost of repairing the damage to appellees' home.[1] Based on his inspection of the damage, Roth offered an itemized estimate of $2,950.00. This estimate took into account only the readily ascertainable extent of damage, *i.e.,* that damage which was discoverable without "tearing things apart." N.T. June 21 and 22, 1984, at 234. However, Roth also offered a second estimate of $22,000.00 as the cost of repair. Roth testified that this latter amount was necessary to properly diagnose the actual extent of termite damage, beyond that which was visible, and to make the

---

1. We note that John Roth was in fact unavailable at the time of trial and that his prior deposition testimony was permitted to be read into the record.

requisite repairs. Roth further responded affirmatively when asked whether $22,000.00 was "the fair and reasonable cost for all material and all labor to repair what [Roth] believe[d] may be a problem in [appellees'] house." *Id.* at 238.

■ Clearly, in calculating their damage award, the jury was influenced by Roth's testimony and his $22,000.00 assessment. In *Tyus v. Resta,* 328 Pa.Super. 11, 476 A.2d 427 (1984), this court observed that, to be recoverable, damages need not be capable of *"exact ascertainment"*, reiterating that, "[o]ur law only requires that a reasonable quantity of information must be supplied by plaintiff so that the jury may fairly estimate the amount of damages from the evidence." *Id.*, 328 Pa.Superior Ct. at 30, 476 A.2d at 437, *quoting, Ashcraft v. C.G. Hussey and Co.,* 359 Pa. 129, 132–33, 58 A.2d 170, 172 (1948) (original emphasis).

■ We have carefully reviewed the record in this regard. We are cognizant that termite damage, by its nature and in the absence of destructively invasive examination, is not subject to exacting assessment. Determining the extent of damage, and accordingly computing an award for the cost of repair, unavoidably involved herein at least a modicum of speculation. Furthermore, we note that a significant body of circumstantial evidence was adduced below to the effect that the actual damage may indeed extend well beyond that which was immediately visible. *See e.g.,* N.T. June 21 and 22, 1984, at 19, 38, 41, and 211–16. Therefore, we are of the opinion that, given the circumstances before us, the jury's award was a fair estimate of damages premised upon a reasonable quantity of information.

■ Appellant's next contention is that the court below erred in submitting the issue of damages to the jury based upon the $22,000.00 repair estimate. In essence, appellant is reasserting the contentions previously posited with regard to the first issue. For the same reasons that we have found the jury's award of $22,000.00 to have been sup-

ported by the evidence, we also find the court below to not have erred in permitting the jury to consider that estimate.[2]

Appellant's third contention is that the court below erred in permitting testimony regarding the subject property's "before and after" value.

A consideration of the record demonstrates that trial proceeded upon the theory that the proper measure of damages was the fair market value of appellees' property before and after the infestation. In an attempt to establish this comparative differential, appellees introduced the testimony of an expert real estate appraiser. After appellees had rested their case-in-chief, the court below, on its own motion, reconsidered the appropriateness of the "before and after" valuation. Thereafter, the court instructed the jury as follows:

THE COURT: Ladies and gentlemen of the jury, I want to bring you up to date on something. I have ruled that the measure of damage in this case is not the before and after value of the property. And that, therefore, I am striking from the record and direct you disregard the testimony of anybody, including the Plaintiff and any of the experts who testified as to what the value of the residence was before the property was purchased by the Plaintiffs and at the time they discovered the termites. I have made a ruling on that, that that is not relevant. The measure of damages I have ruled in this case and we are going to be bound by that is what the cost to repair the premises, the reasonable costs to repair the premises are. We all concede that the house involved in repairable and therefore, I am charging you that the damage to which the Plaintiffs would be entitled, if they recover, would be the cost to repair the premises, not to exceed the value of the property at the time that they purchased it, which I understand to be $43,500.

2. Appellant further argues in this regard that the $22,000.00 estimate was not based upon costs as of when the damage occurred but instead was calculated as of the date the estimate was provided. In its opinion, the court below adequately addressed this argument and we see no need for further comment.

> Now, I am not trying to tell you what the reasonable costs of repair are. That's still a jury question, ladies and gentlemen, which will eventually have to be decided in the case. But I want you to understand that the before and after value test, fair market value test, is not the test, and I am striking any of that testimony from the record.

N.T., June 21 and 22, 1984, at 190–91. The court accordingly permitted appellees to reopen their case to present the Roth deposition with regard to the cost of repair.

■ We are of the opinion that this instruction, compounded with the court's subsequent charge to the jury just prior to their verdict, adequately cured any perceived prejudice. In addition, we note that it is somewhat disingenuous for appellant to now complain of prejudice from the subject testimony when, in fact, prior to the court's ruling, appellant appears to have concurred in the general propriety of the "before and after" formula for damages. *See, e.g., id.* at 44–46.

■ Appellant's fourth assignment of error is that the court below erred in admitting the deposition of the expert Roth as an unavailable witness. Because the court below found that appellees were unable to procure the attendance of Roth by subpoena, we find this issue to be controlled by Pa.R.Civ.P. 4020(a)(3)(d) and that the deposition was properly admitted. *See* N.T., June 21 and 22, 1984, at 94, 191–92. Additionally, we note that appellant raised no objection when the deposition was accepted into evidence by the court below, *see id.* at 190–93, and, indeed, appellant and its co-defendant had previously indicated an intention to offer the identical deposition. *See id.* at 161.

■ Appellant's final contention is that the court below erred in refusing to charge the jury with respect to the issues of negligence and breach of contract. However, at sidebar during appellees' case-in-chief and again during the charge itself, the court below characterized this case as presenting the limited issue of damages. *See id.* at 89, 254, 257, 263. The court below relied upon appellant's apparent

admission as to liability and appellant at no time attempted to dispel the court's perception with respect to this issue. Again, it is therefore seemingly disingenuous for appellant to now complain of the court's refusal to instruct the jury with regard to theories of liability when in fact appellant induced the court to consider liability a nonissue.

Nevertheless, waiver with respect to any challenge to the charge of court below results from appellant's failure to raise a timely objection. *See id.* at 265–66; *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974).

Based upon the foregoing, we affirm the order of the court below entering judgment.

Order affirmed.