556 A.2d 412

COCO BROS., INC., Appellant,

v.

The BOARD OF PUBLIC EDUCATION OF the SCHOOL DISTRICT OF PITTSBURGH, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 29, 1988.

Filed March 21, 1989.

James R. Cooney, Pittsburgh, for appellant.

Marvin A. Fein, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

Appellant appeals a trial court order which denied its petition for writ of mandamus. Because of the nature of

this appeal, we find it necessary to transfer this case to the Commonwealth Court for resolution.

The applicable section of the Judicial Code establishes the appellate jurisdiction of the Commonwealth Court in cases concerning local government matters. It provides:

§ 762. Appeals from the courts of common pleas

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

.    .    .    .    .

(4) Local government civil and criminal matters.—

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code ... or where is drawn in question the application, interpretation or enforcement of any:

(a) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity;

42 Pa.C.S.A. § 762.

This case, which arose out of a dispute over the renovation of a high school building, meets the above description of those cases which are within the province of the Commonwealth court. Its resolution necessarily calls into question the application, interpretation and enforcement of statutes regulating the affairs of a political subdivision, the school district.

Appellant filed its Petition for Writ of Mandamus Execution in accordance with a procedure mandated by 24 P.S. § 6–611 for satisfying a judgment against a school district. The relevant statutory provision is entitled: "Enforcement of judgments against school districts" and it sets forth the proper procedure for collection of an unpaid judgment obtained against a school district. The trial court refused to grant Appellant's petition and directed the Prothonotary to mark the judgment against the Board of Public Education

as satisfied. This ruling was based upon a conclusion that the procedure used to offset various arbitration awards against each other was proper and authorized by statute at 53 P.S. § 7232. Sections 7232 through 7234 of title 53 provide the procedure for setting off municipal claims against municipal obligations. The definitions found at 53 P.S. § 7231 specifically include school districts within the meaning of the term "political subdivisions".

Since these statutory provisions, which clearly regulate the affairs of the school district in this matter, are called into question in this appeal, we find it appropriate to transfer this case to the Commonwealth Court for a determination of its merits. *See Muncy Area School District v. Gardner,* 91 Pa.Commw.Ct. 406, 497 A.2d 683 (1985).

Case transferred to Commonwealth Court.