600 A.2d 210

**Marytheresa WILSON, Appellant**

v.

**SCHOOL DISTRICT OF PHILADELPHIA
and City of Philadelphia.**

Superior Court of Pennsylvania.

Submitted Aug. 14, 1991.

Filed Dec. 11, 1991.

Carole Kafrissen, Philadelphia, for appellant.

Andrew S. Ross, Philadelphia, for School Dist. of Philadelphia, appellee.

Michael F. Coates, Asst. City Sol., Philadelphia, for City of Philadelphia, appellee.

Before ROWLEY, President Judge, and BECK and HESTER, JJ.

BECK, Judge:

This is an appeal from a final order of the court of common pleas granting the preliminary objections of appellee, the School District of Philadelphia, to the complaint filed against it by appellant, Marytheresa Wilson, and dismissing the complaint as to the school district only. Since this appeal is within the jurisdiction of the Commonwealth Court, we order that the appeal be transferred to that court.

Appellant alleges that she fell when walking along a sidewalk adjacent to property owned by the School District of Philadelphia. The street along which the sidewalk ran is owned by the City of Philadelphia. Appellant brought suit

for recovery of damages resulting from her personal injuries against both the school district and the city. The school district filed preliminary objections asserting, *inter alia*, its immunity from suit as a "local agency" within the protection of the governmental immunity sections of the Judicial Code. 42 Pa.C.S.A. § 8541 (1982). The trial court granted the preliminary objections, finding that the school district was immune. Appellant filed this timely appeal.

Neither party has objected to our jurisdiction over this appeal and we could, therefore, exercise jurisdiction pursuant to 42 Pa.C.S.A. § 704(a) and Pa.R.A.P. 741(a). Nevertheless, we retain the power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to the Commonwealth Court.[1] *Lara, Inc. v. Dorney Park Coaster Co., Inc.*, 369 Pa.Super. 27, 534 A.2d 1062 (1987). *See also* Pa.R.A.P. 741, 751. Under the circumstances of this case, we find that jurisdiction is properly vested in the Commonwealth Court under 42 Pa. C.S.A. § 762(a)(7) and that transfer is appropriate. Section 762(a)(7) provides:

1. 42 Pa.C.S.A. § 704(a) states:
   Waiver of objections to jurisdiction
   (a) General rule.—The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.
   Pa.R.A.P. 741(a) implements Section 704(a) by providing:
   (a) General Rule. The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.
   Of course, the rule of section 704(a) does not apply where the order on appeal is not final or otherwise immediately appealable or where the appeal is untimely. *See* 42 Pa.C.S.A. § 704(b); Pa.R.A.P. 741(b). This case involves a timely appeal from a final order.

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(7) Immunity waiver matters.—Matters conducted pursuant to Subchapter C of Chapter 85 (relating to actions against local parties).

The reference in sub-section (7) to "Subchapter C of Chapter 85" is a reference to the governmental immunity sections of the Judicial Code found at 42 Pa.C.S.A. § 8541 *et seq.* (1982). Those sections provide, in pertinent part:

§ 8541. Governmental immunity generally

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

§ 8542. Exceptions to governmental immunity

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(7) Sidewalks.—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

*Id.* at §§ 8541 & 8542.

In construing these statutes in *Brady Contracting Co. v. West Manchester Twp. Sewer Auth.*, 338 Pa.Super. 144, 487 A.2d 894 (1985), after transfer, 97 Pa.Commw. 31, 508 A.2d 1287 (1986), *appeal denied,* 514 Pa. 649, 524 A.2d 495 (1987), a panel of this court stated that "[a] plain reading of subsection 762(a)(7) [42 Pa.C.S.A. § 762(a)(7)] reveals that the legislature has vested exclusive appellate jurisdiction in the Commonwealth Court with regard to any tort actions brought against a local agency, which is defined as any government unit other than the Commonwealth government." *Id.,* 338 Pa.Superior Ct. at 148, 487 A.2d at 897. *Accord Bacon v. Tucker,* 128 Pa.Commw. 575, 564 A.2d 276 (1989). The *Brady* panel also opined that the "obvious legislative intent in granting such exclusive appellate jurisdiction to the Commonwealth Court is to ensure a uniform interpretation and application of the provisions of the Political Subdivision Tort Claims Act [42 Pa.C.S.A. § 8541 *et seq.*]." *Id.* 338 Pa.Super. at 148, 487 A.2d at 897. *See generally General Equipment Manufacturers v. Westfield Ins. Co.,* 405 Pa.Super. 550, 592 A.2d 1349 (1991).

Here, appellant seeks recovery for personal injuries against a school district, which has been repeatedly found to be within the protections of the governmental immunity statute. *See Coco Bros., Inc. v. The Board of Public Education of the School District of Pittsburgh*, 383 Pa.Super. 29, 556 A.2d 412 (1989) (school district is political subdivision); *Wilson v. Miladin*, 123 Pa.Commw. 405, 553 A.2d 535 (1989); *Singer v. School District of Philadelphia*, 99 Pa.Commw. 553, 513 A.2d 1108 (1986); *Auerbach v. Council Rock School District*, 74 Pa.Commw. 507, 459 A.2d 1376 (1983). Moreover, in this case appellant seeks to impose liability on the school district by arguing that all of the conditions set forth in subsections (a)(1) and (a)(2) of section 8542, *supra*, are met and that the exception to governmental immunity found in subsection (b)(7) (relating to sidewalks), *supra*, is applicable to this case. The trial court applied the provisions of the Act to find the school district immune from liability and dismissed appellant's complaint against the school district on that ground. Therefore, this is clearly a "matter conducted pursuant to Subchapter C of Chapter 85."

■ Having concluded that this matter is within the Commonwealth Court's jurisdiction, it is within our discretion to determine whether transfer to that court is appropriate. In making this determination, we conduct a case-by-case analysis. We may retain jurisdiction if such action would serve the interests of judicial economy, but should transfer the matter if to do so would serve other interests, such as avoiding the establishment of possibly conflicting lines of authority. *See Lara, Inc. v. Dorney Park Coaster Co., Inc.*, 369 Pa.Super. 27, 534 A.2d 1062, 1066 (1987), and authorities cited therein.

■ Applying these considerations here, we determine that the wiser course is to transfer the matter to Commonwealth Court. Here, both defendants are governmental units and the only issue presented on appeal relates to the proper scope and application of exception (7) to the immunity of the school district, found in 42 Pa.C.S.A. § 8542(b)(7),

quoted above. The proper scope of governmental immunity from tort liability and of the exceptions thereto, specifically including exception (7), are subjects that have frequently been addressed by the Commonwealth Court and as to which that court has peculiar expertise. *See, e.g., Giosa v. School District of Philadelphia,* 127 Pa.Commw. 537, 562 A.2d 411 (1989), *appeal denied,* 525 Pa. 629, 578 A.2d 416 (1990). Thus, we find that transfer of this case to the Commonwealth Court will best serve to promote the legislative intent underlying the grant of exclusive jurisdiction over this type of appeal to that court. *See Brady, supra. See also Lara, Inc., supra,* ("we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court.").

Appeal transferred to Commonwealth Court.

ROWLEY, P.J., files a dissenting statement.

ROWLEY, Presiding Judge, dissenting.

I respectfully dissent. While I agree that the Commonwealth Court had jurisdiction in this case, I would nevertheless decide the case on the merits, and affirm.