J-S84014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER L. BUCHER | : | |
| | : | |
| Appellant | : | No. 1288 MDA 2017 |

Appeal from the Judgment of Sentence July 24, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-SA-0000148-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 27, 2018**

Appellant, Jennifer L. Bucher, appeals from the judgment of sentence that was reinstated following the trial court's decision to dismiss her summary appeal from the conviction of the offense of harboring a dangerous dog.[1]  Because the appeal is within the jurisdiction of our sister appellate court, we order that the appeal be transferred to the Commonwealth Court.

The trial court set forth the relevant underlying facts of this case as follows:

> [Appellant] and her husband currently reside in a home in which a side yard affronts a public street.  When they first moved into that home, which is located in Paxtang Borough ("the Borough") in Dauphin County, Pennsylvania, they applied to the Borough for permission to build a six (6) foot high fence on the side yard

---

[1] 3 P.S. § 459-502-A.

of the home because they intended to adopt a family of shelter dogs, primarily of the pit bull family of terriers. Obviously, [Appellant] believed that a six (6) foot high fence was necessary to keep her dogs safely contained within her yard and, *inter alia*, the need to keep these dogs from having access to other persons. Because their side yard affronts a public street, however, Borough codes would not permit [Appellant] and her husband to build a fence of this height (six feet); although [Appellant] and her husband engaged in various efforts to obtain a variance for a six (6)-foot fence and partook in various appeals pertaining thereto, all of those appeal endeavors proved unsuccessful. Notwithstanding their unsuccessful attempts to secure a variance for a six (6)-foot fence, [Appellant] and her husband nevertheless chose to adopt six dogs of the pit bull terrier variety[1] and proceeded to erect a fence of approximately three-and-a-half (3.5) feet in height around the side yard of their home.

> [1] It should not be lost on anyone that the pit bull variety of terrier is not a usual domestic breed of dog. The pit bull terrier was raised and developed in England and other European countries, and thereafter in the United States, specifically for the blood sport of dog fighting, an event in which spectators gathered to observe dogs that are placed in a "fighting pit" and then viciously tear each other's bodies (particularly faces) to shreds, many times to the death. As such, pit bull terriers have long been born, bred, and trained instinctively to be an attack breed of animal.

On May 19, 2016, two of [Appellant's] pit bull terriers, "Maui" and "Dozer," became engaged in a vicious attack on one another which prompted [Appellant] to attempt to undertake efforts to calm and separate the two dogs. As soon as [Appellant] attempted to undertake that task, she ([Appellant]) was attacked viciously by the dogs and sustained severe injuries to her arms. According to various eyewitness accounts, she bled from her elbows down to her hands, her flesh was torn to shreds, and her fatty tissue under her skin was exposed at some of her open wounds. Patrick Corkle ("Officer Corkle"), a Swatara Township Police Officer who responded to the scene of the incident, believed that it would be advisable to call an ambulance for [Appellant], but [Appellant] resisted the dispatch of an

ambulance for fear that her dogs would be taken away from her.[2] According to [Appellant], her husband and father ultimately drove her to Hershey Medical Center where she treated for the dog attack and received twenty-seven (27) stitches on her arm.

> [2] According to Officer Corkle, [Appellant] remarked to him, "You're gonna take my dogs away. I know you're gonna take my dogs away." (Transcript of Summary Appeal Hearing, 11/28/16, at 38:9-10)

Trial Court Opinion, 7/24/17, at 1-2.

On May 27, 2016, Appellant was cited for committing the offense of harboring a dangerous dog. On July 18, 2016, after a hearing before a magisterial district judge, Appellant was found guilty of the offense and sentenced to pay a fine. She then took a timely summary appeal to the court of common pleas. On November 28, 2016, the trial court held a summary trial, and at the close of the proceedings, the trial court directed the parties to file briefs with the court. In an order filed on July 24, 2017, the trial court determined that Appellant was guilty of harboring a dangerous dog, dismissed her summary appeal, and affirmed and reinstated the judgment of sentence entered by the magisterial district judge. Appellant then filed this timely appeal. The trial court did not direct Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). On August 18, 2017, the trial court filed a statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a).

Before we consider any of the issues raised by Appellant in her brief, we must determine whether we have jurisdiction over this matter. Specifically, it appears that jurisdiction should be transferred to the

Commonwealth Court under 42 Pa.C.S. § 762. That statute provides, in pertinent part, as follows:

> **§ 762. Appeals from courts of common pleas**
>
> **(a) General rule.--**Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
>
> * * *
>
> **(2) Governmental and Commonwealth regulatory criminal cases.--**All criminal actions or proceedings for the violation of any:
>
> > (i) Rule, regulation or order of any Commonwealth agency.
> >
> > (ii) Regulatory statute administered by any Commonwealth agency subject to Subchapter A of Chapter 5 of Title 2 (relating to practice and procedure of Commonwealth agencies). The term "regulatory statute" as used in this subparagraph does not include any provision of Title 18 (relating to crimes and offenses).

42 Pa.C.S. § 762(a)(2).

In **Commonwealth v. Hake**, 738 A.2d 46 (Pa. Cmwlth. 1999), the Commonwealth Court made the following determination pertaining to cases involving the "Dangerous Dog Law":

> Jurisdiction lies in the Commonwealth Court, as opposed to the Superior Court, because the Dangerous Dog Law at 3 P.S. § 459–502–A is not a penal statute under the Crimes Code (Title 18), but is a regulatory statute, administered and enforced by the Department of Agriculture (Title 7, Chapter 27 of the Pa.Code). Therefore, in accordance with 42 Pa.C.S. § 762

- 4 -

[(a)](2)(ii), this Commonwealth Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas in Commonwealth regulatory criminal cases for criminal actions or proceedings for the violation of any regulatory statute administered by a Commonwealth agency not included in Title 18 relating to crimes and offenses.

*Hake*, 738 A.2d at 47 n.3.

We are mindful this Court has explained that where neither party has objected to our jurisdiction of an appeal, we may exercise jurisdiction pursuant to 42 Pa.C.S. § 704(a)[2] and Pa.R.A.P. 741(a).[3] However, we also

_____

[2] Section 704 of the Judicial Code provides, in relevant part, as follows:

**§ 704. Waiver of objections to jurisdiction.**

**(a)  General rule. —** The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

42 Pa.C.S. § 704(a).

[3] Rule 741 is based on 42 Pa.C.S. § 704, and states, in part, as follows:

**Rule 741.  Waiver of Objections to Jurisdiction.**

**(a)  General rule.**  The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

*(Footnote Continued Next Page)*

"retain the power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to the Commonwealth Court." *Wilson v. School District of Philadelphia*, 600 A.2d 210, 211 (Pa. Super. 1991) (citations omitted). Furthermore, once we have:

> concluded that this matter is within the Commonwealth Court's jurisdiction, it is within our discretion to determine whether transfer to that court is appropriate. In making this determination, we conduct a case-by-case analysis. We may retain jurisdiction if such action would serve the interests of judicial economy, but should transfer the matter if to do so would serve other interests, such as avoiding the establishment of possibly conflicting lines of authority.

*Id*. at 213 (citations omitted). As we have long stated, "we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." *Lara, Inc., v. Dorney Park Coaster Co., Inc.*, 534 A.2d 1062, 1066 (Pa. Super. 1987).

Here, our review reflects that jurisdiction is properly vested in the Commonwealth Court pursuant to 42 Pa.C.S. § 762(a)(2)(ii). *Hake*, 738 A.2d at 47 n.3. Our further analysis indicates the preferable course in this matter is to transfer the appeal to the Commonwealth Court. Indeed, the Commonwealth Court's expertise in this area is apparent because the relevant case law reveals the Commonwealth Court has historically

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

Pa.R.A.P. 741(a).

entertained appeals from and analyzed issues regarding 3 P.S. § 459-502-A.

Accordingly, we transfer this appeal.

Appeal transferred to Commonwealth Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018