J. S66045/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HADDRICK BYRD, | : | No. 470 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 28, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1114802-1974

BEFORE: STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:      **FILED JANUARY 08, 2020**

Haddrick Byrd appeals **pro se** from the January 28, 2019 order granting his petition for writ of **habeas corpus** which sought clarification and/or correction of his sentence, and directing the Department of Corrections ("DOC") to recalculate his sentence to reflect the trial court's award of credit for time-served.[1]  As best we can discern from appellant's **pro se** brief, appellant takes issue with the fact that the DOC failed to comply with the court's order to modify his sentence to reflect credit for time-served, and avers that he should be discharged because he "has exceeded his statutory

---

[1] The trial court also entered an order directing the DOC to recalculate appellant's sentence to reflect this court's vacation of his judgment of sentence of one to two years' imprisonment for simple assault. (**See** trial court order, 1/28/19 at n.2, and trial court order, 1/18/19; **see also Commonwealth v. Byrd**, 678 A.2d 824 (Pa.Super. 1996) (unpublished memorandum).)

maximum sentence in this case." (**See** appellant's brief at 5-8.) For the reasons that follow, we find that we lack jurisdiction over this appeal and transfer this case to the Commonwealth Court.[2]

This court has long recognized that the proper forum for contesting the DOC's calculation of sentence is in the Commonwealth Court. "If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." **Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa.Super. 2014) (citation omitted), **appeal denied**, 104 A.3d 524 (Pa. 2014). **See also Commonwealth v. Wyatt**, 115 A.3d 876, 880 (Pa.Super. 2015) (holding that an original action in Commonwealth Court was the only procedural avenue by which defendant could pursue his claim on appeal that the DOC miscalculated his credit for time-served); **Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections**, 14 A.3d 912, 915 (Pa.Cmwlth. 2011) (concluding that, where petitioner does not challenge underlying sentence and instead seeks to compel the DOC to carry out the sentence imposed, the petition is properly filed in Commonwealth Court, in its original jurisdiction).[3]

---

[2] We note that the Commonwealth has not filed a brief in this matter.

[3] As an ancillary matter, we note that appellant is currently serving a sentence of life imprisonment on an unrelated matter (CP-51-CR-0317152-1975) and is, therefore, not subject to discharge.

Based on the foregoing, we find that this appeal properly falls within the purview of the Commonwealth Court's jurisdiction. Accordingly, we transfer this case to the Commonwealth Court.[4]

Appeal transferred to the Commonwealth Court. Superior Court jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/20

---

[4] We are mindful that although neither party has objected to our jurisdiction, we "retain the power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to the Commonwealth Court." **Wilson v. School District of Philadelphia**, 600 A.2d 210, 211 (Pa.Super. 1991) (citations omitted).