J. S14034/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM DICKS, | : | No. 589 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 18, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001238-2008

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:           **FILED APRIL 13, 2020**

William Dicks appeals ***pro se*** from the January 18, 2019 order[1] dismissing his motion for time credit which sought the correction of his sentence by the Department of Corrections ("DOC") to properly reflect his credit for time-served.  For the reasons that follow, we find that we lack jurisdiction over this appeal and transfer this case to the Commonwealth Court.

This court has long recognized that the proper forum for contesting the DOC's calculation of sentence is in the Commonwealth Court.  "If the alleged error is thought to be the result of an erroneous computation of sentence by

---

[1] The docket indicates that appellant's February 4, 2019 ***pro se*** notice of appeal, although timely, mistakenly indicates that his appeal is "from the Order entered in this matter on the 18th day of **March, 2019**." (***Pro se*** notice of appeal, 2/4/19 at ¶ 1 (emphasis added).).

the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 524 (Pa. 2014). *See also Commonwealth v. Wyatt*, 115 A.3d 876, 880 (Pa.Super. 2015) (holding that original action in Commonwealth Court was only procedural avenue that defendant could pursue claim on appeal that DOC miscalculated credit for time-served); *Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections*, 14 A.3d 912, 915 (Pa.Cmwlth. 2011) (concluding that, where petitioner does not challenge underlying sentence and instead seeks to compel DOC to carry out sentence imposed, petition is properly filed in Commonwealth Court, in its original jurisdiction).[2]

Based on the foregoing, we agree with the PCRA court's determination that this appeal properly falls within the purview of the Commonwealth Court's

---

[2] As an ancillary matter, we note that appellant filed a separate petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, that was dismissed by the PCRA court on February 3, 2017. A panel of this court affirmed the PCRA court's order on October 24, 2018, and our supreme court denied *allocator* on April 30, 2019. *See Commonwealth v. Dicks*, 200 A.3d 600 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 207 A.3d 914 (Pa. 2019).

jurisdiction. (**See** PCRA court order, 1/18/19 at ¶ 2.) Accordingly, we transfer this case to the Commonwealth Court.[3]

Appeal transferred to the Commonwealth Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20

---

[3] We are mindful that we "retain the power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to the Commonwealth Court." **Wilson v. Sch. Dist. of Philadelphia**, 600 A.2d 210, 211 (Pa.Super. 1991) (citations omitted).