J-A26033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LOUIS ALIOTA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MILLCREEK TOWNSHIP SCHOOL | : | No. 279 WDA 2025 |
| DISTRICT AND MILLCREEK | : | |
| TOWNSHIP SCHOOL DISTRICT | : | |
| BOARD OF SCHOOL DIRECTORS | : | |

Appeal from the Order Entered January 30, 2025
In the Court of Common Pleas of Erie County Civil Division at No(s):
10343-2024

BEFORE:  OLSON, J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.:          **FILED: September 26, 2025**

Appellant, Louis Aliota, appeals from the order entered in the Erie County Court of Common Pleas, sustaining the preliminary objections of Appellees, Millcreek Township School District and Millcreek Township School District Board of School Directors, and dismissing Appellant's amended complaint with prejudice.  For the following reasons, we transfer this appeal to the Commonwealth Court.

The relevant facts and procedural history of this case are as follows.  On October 3, 2024, Appellant filed a complaint for declaratory judgment against Appellees.  Appellant alleged that in 2017, in an underlying action commenced by Appellant, the Millcreek Township School Board had filed two counterclaims against Appellant for defamation (one on its own behalf and one on behalf of

the school district's Superintendent). Appellant alleged that the trial court ultimately denied relief on the counterclaims. Appellant claimed that under the Public School Code of 1949, 24 P.S. § 1-101 *et seq.*, it was unlawful for Appellees to sue Appellant and spend taxpayer money for a lawsuit on behalf of its employees/public officials. Appellant insisted that Appellees' conduct justified imposition of a surcharge against any member of Appellees who engaged in such unlawful conduct. Appellant sought: (1) a declaration that it was unlawful for Appellees to expend taxpayer money on the counterclaims; (2) that the taxpayer money so spent must be refunded to the general ledger of the Millcreek Township School District; and (3) all legal fees to be reimbursed to Appellant.

Appellees filed preliminary objections on October 29, 2024. Appellant filed an amended complaint on November 18, 2024, seeking: (1) a declaration that it was unlawful for Appellees to expend taxpayer money on the counterclaims; (2) a declaration that such an expenditure violated 24 P.S. § 6-608 (liability for improper school orders); and (3) all legal fees to be reimbursed to Appellant. Appellees filed preliminary objections to Appellant's amended complaint on December 9, 2024.

On January 30, 2025, the court sustained Appellees' preliminary objections and dismissed Appellant's amended complaint with prejudice. Specifically, the court found that the sole process by which a taxpayer may challenge a school district's expenditures is by an appeal of an audit, pursuant to 24 P.S. § 24-2451. Thus, the court decided that Appellant's complaint could

not establish a valid cause of action.

On February 26, 2025, Appellant filed a notice of appeal in this Court. On March 5, 2025, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant timely complied. This Court subsequently issued a rule to show cause why the matter should not be transferred to the Commonwealth Court. Appellant filed a response on May 23, 2025, stating only: "The issues involved in this appeal deal with questions of constitutional law and the Declaratory Judgment Act, 42 Pa. Const. Stat. Ann. § 7531 *et seq*. Therefore, this Court has jurisdiction over the appeal." (Response to Rule to Show Cause, filed 5/23/25, at 1). On June 26, 2025, this Court discharged the rule to show cause, and referred the issue to the merits panel.

Preliminarily, we observe that the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders concerning local government civil and criminal matters, specifically those "arising under any municipality, institutional district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of officers, employees or agents thereof, acting in their official capacity[.]" 42 Pa.C.S.A. § 762(a)(4)(i)(A). **See also General Equipment Mfrs. v. Westfield Ins. Co.**, 592 A.2d 1349, 1350 (Pa.Super. 1991) (stating: "Because the instant appeal raises an issue involving the interpretation and

- 3 -

application of statutes which [regulate] the affairs of a political subdivision, namely the School Board, we find that is it appropriate to transfer this case to the jurisdiction of the Commonwealth Court").

Instantly, Appellant's claims implicate the interpretation of the Public School Code of 1949. Thus, appellate jurisdiction more properly lies in the Commonwealth Court. **See id.** Appellant's bald averments in response to this Court's rule to show cause do not convince us otherwise, in the absence of citation to pertinent supporting legal authority. Consequently, we transfer this appeal to the Commonwealth Court and strike it from the argument list. **See** Pa.R.A.P. 751(a) (stating: "If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall…transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district").

Appeal transferred. Jurisdiction is relinquished. Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/26/2025

- 4 -