487 A.2d 894

BRADY CONTRACTING CO., INC., Appellant,

v.

WEST MANCHESTER TOWNSHIP SEWER AUTHORITY
and Columbia Gas of Pennsylvania, Inc.

v.

COLUMBIA GAS OF PENNSYLVANIA, INC. and
C.S. Davidson, Inc.

Superior Court of Pennsylvania.

Argued Nov. 9, 1984.

Filed Jan. 18, 1985.

Jeffrey W. Davis, Harrisburg, for appellant.

Lillian M. Morgan, York, for West Manchester, appellee.

Robert J. Brown, York, for Columbia, appellee.

Nevin Stetler, York, for C.S., appellee.

Before WICKERSHAM, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal by Brady Contracting Company, Inc. (Brady) from the trial court's entry of summary judgment against it and in favor of West Manchester Township Sewer Authority (WMTSA). Because we find that the instant appeal falls within the exclusive appellate jurisdiction of the Commonwealth Court we hereby transfer this appeal to that court for disposition of the issues presented.

The relevant facts are as follows: In April, 1981, a contract was awarded to Brady by WMTSA for the construction of sanitary sewers in Manchester Township. Subsequently, it was revealed that existing underground gas lines of Columbia Gas of Pennsylvania, Inc. (Columbia Gas) were in conflict with the proposed location of the sewer lines. This fact became known after Brady allegedly had been assured by official of Columbia Gas and the civil engineer for WMTSA that the gas lines were located so as not to interfere with the design and location of the sewer lines. Brady then sought additional compensation from WMTSA for delay and increased construction costs resulting from the initial failure to properly locate the existing utility lines. WMTSA responded that Brady was solely responsible for locating the existing utility lines and that accordingly WMTSA was not responsible for any delay or additional costs resulting from a failure to properly locate the lines.

In April, 1982, Brady filed an action in assumpsit and trespass against WMTSA and Columbia Gas seeking damages. Brady's trespass claim against WMTSA is based on a breach of WMTSA's alleged duty to properly locate the existing underground utility lines which constituted a dangerous condition for Brady. In August, 1983, WMTSA filed a motion for summary judgment on all counts, specifically arguing that it was immune from suit on the trespass count pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, *et seq.* The trial court agreed and granted summary judgment on the trespass count as well as the other counts for separate reasons. A timely appeal was then filed with this Court.

Although neither party has raised the issue, it is well settled that this Court may *sua sponte* raise a question as to our jurisdiction in a particular case. *See Karpe v. Borough of Stroudsburg,* 290 Pa.Super. 559, 434 A.2d 1292 (1981). This Court, by statute, has appellate jurisdiction from final orders of the courts of common pleas except when jurisdiction is vested in the Supreme Court or the Commonwealth Court. 42 Pa.C.S. § 742. In contrast, the appellate jurisdiction of the commonwealth court from final orders of the common pleas courts is limited by statute to certain defined classes of subject matter. 42 Pa.C.S. § 762. One such defined area is set forth in subsection (a)(7):

§ 762. *Appeals from courts of common pleas*

(a) General rule. Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(7) Immunity waiver matters. Matters conducted pursuant to Subchapter C of Chapter 85 (relating to actions against local parties).

42 Pa.C.S. 762(a)(7).[1] Subchapter C of Chapter 85 of the Judicial Code is the Political Subdivision Tort Claims Act, 42

---

1. Subsection 762(a)(7) of the Judicial Code was amended on December 20, 1982 pursuant to P.L. 1409, No. 326, art. II, § 201, effective in 60 days. The prior language of subsection 762(a)(7) is as follows:

Pa.C.S. 8541, *et seq.*, of which the defense was raised by WMTSA in its motion for summary judgment.

A plain reading of subsection 762(a)(7) reveals that the legislature has vested exclusive appellate jurisdiction in the Commonwealth Court with regard to any tort actions brought against a local agency, which is defined as any government unit other than the Commonwealth government. 42 Pa.C.S. § 8501. The obvious legislative intent in granting such exclusive appellate jurisdiction to the Commonwealth Court is to ensure a uniform interpretation and application of the provisions of the Political Subdivision Tort Claims Act. This jurisdiction also extends to all parties and appears in a case as long as at least one party is a local agency and the case is governed at least in part by Political Subdivision Tort Claims Act.

In the instant case, WMTSA is a local agency under the Political Subdivision Tort Claims Act and it is clear that the trial court applied the provisions of that act

§ 762. *Appeals from court of common pleas*
(a) General rule. Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
(7). Immunity waiver matters. Matters in which immunity has been waived pursuant to Subchapter C of Chapter 85 (relating to actions against local parties).
A reading of the above cited prior language of subsection 762(a)(7) reveals that it was much narrower than the present language. Under the prior language the local agency immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. 8541, *et seq.*, would have to be waived before the appellate jurisdiction of the Commonwealth court would be invoked. However, under the present language all that is necessary is that a local agency be sued in tort which then invokes Commonwealth Court's appellate jurisdiction since the case will be governed by the provisions of the Tort Claims Act. Thus, the Commonwealth Court's appellate jurisdiction in tort actions in which at least one party is a local agency is now exclusive.
In addition, while the above cited amendment to the Commonwealth Court's appellate jurisdiction did not become effective until after the instant case was commenced it is still applicable to the instant appeal since the amendment was effective prior to the entry of summary judgment and because the amendment had the procedural effect only of transferring appellate jurisdiction to our sister court and did not enlarge or abolish any substantive rights of the parties to the instant appeal.

thus invoking the appellate jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S. § 762(a)(7). Since this Court by statute has no appellate jurisdiction when such is exclusively vested in the Commonwealth Court we accordingly transfer the instant appeal to the Commonwealth Court for disposition of the issues presented for review.

Appeal transferred to Commonwealth Court.

WIEAND, J., files dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. Inasmuch as neither party has objected to the jurisdiction of the Superior Court, its jurisdiction has been perfected. Pa.R.A.P. 741(a). Although we may nevertheless transfer an appeal to the Commonwealth Court (Pa.R.A.P. 752(a)), I believe the parties would be better served in this case if we were to retain jurisdiction and decide the appeal on its merits. This is particularly true where, as here, the appeal also includes a request for appellate review of summary dismissal of a count in appellant's complaint which is based on breach of contract and which is clearly within the appellate jurisdiction of this Court.