533 A.2d 1386

**Peter McREYNOLDS, Appellant,**

**v.**

**BENNER TOWNSHIP, James L. Furgison and American Honda Motor Company, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1987.

Filed Nov. 30, 1987.

</div>

302

Gordon W. Gerber, Philadelphia, for appellant.

Janet W. Mason, Philadelphia, for Benner, appellee.

Susan E. Satkowski, Philadelphia, for American Honda, appellee.

Before McEWEN, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal from the Order granting Appellee–American Honda Company, Inc.'s petition for a change of venue on the basis of *forum non conveniens.* *See* Pa.R. C.P. 1006(d)(1). Appellant instituted this timely appeal pursuant to Pa.R.App.P. 311(c) (an appeal may be taken as of right from an order in a civil action changing venue). Substantively, Appellant alleges that the trial court erred in transferring his personal injuries case from the Philadelphia Court of Common Pleas to the Court of Common Pleas of Centre County.

■ Although neither party has raised the issue, we may consider *sua sponte* whether or not we have jurisdiction over this case. *Karpe v. Borough of Stroudsburg,* 290 Pa.Super. 559, 434 A.2d 1292 (1981). We note that joined as co-defendant in Appellant's action is Benner Township. By his Complaint, Appellant argued that Benner Township was negligent in the design, engineering, control, supervision, and/or maintenance of Rock Road, the scene of Appellant's unfortunate accident. This Court, by statute, has exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except when an appeal falls within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. *See* 42 Pa.C.S.A. § 742. We find that we are without jurisdiction to entertain the instant appeal and that this case must be transferred to the Commonwealth Court.

■ The Commonwealth Court's appellate jurisdiction from courts of common pleas is limited by 42 Pa.C.S.A. § 762. Subsection (a)(7) of this section pertains to the case *sub judice:*

(a) General Rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(7) Immunity waiver matters.—Matters in which immunity has been waived pursuant to Subchapter C of Chapter 85 (relating to actions against local parties).

Subchapter C of Chapter 85 of the Judicial Code is the Political Subdivision Tort Claims Act, hereinafter referred to as "the Act". *Brady Contracting Co. v. West Manchester Township Sewer Authority,* 338 Pa.Super. 144, 487 A.2d 894–897 (1985). *See* 42 Pa.C.S.A. § 8541, *et seq.* The general rule is that local agencies are granted governmental immunity from suits for damages on account of injury to a person or property caused by their acts, or the acts of their employees or other persons. Section 8542(b) provides the circumstances under which governmental immunity is waived:

(b) Acts which may impose liability.—The following act[ ] by a local agency or any of its employees may result in the imposition of liability on a local agency:

(6) Streets.—

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

In the case at bar, Benner Township is a local agency under the Act. Moreover, it is evident that Appellant's claim against the Township concerning its negligence with respect to Rock Road falls within the classification of local agency acts for which governmental immunity has been waived. Thus, pursuant to 42 Pa.C.S.A. § 762(a)(7), the Commonwealth Court has exclusive appellate jurisdiction over the disposition of this appeal. Due to the fact that this Court is without jurisdiction to entertain the parties' arguments, we transfer this case to the Commonwealth Court for its determination of the issue raised. We add

that the Commonwealth Court's jurisdiction of this appeal extends to all parties so long as one party is a local agency and the case is governed at least in part by the Act. *Brady, supra,* 338 Pa.Superior Ct. at 144, 487 A.2d at 894.

Appeal transferred to the Commonwealth Court.