**DYNAMIC SPORTS FITNESS CORPORATION OF AMERICA, INC. t/a The Sports Club, Appellant,**

v.

**The COMMUNITY YMCA OF EASTERN DELAWARE COUNTY, the Ridley Area YMCA Branch.**

Superior Court of Pennsylvania.

Argued Jan. 11, 2000.

Filed April 27, 2000.

Fred A. Greenberg, Media, for appellant.

Joseph T. Mattson, Havertown, for appellee.

Before FORD ELLIOTT, STEVENS, and MONTEMURO,* JJ.

FORD ELLIOTT, J.:

¶ 1 In this action for declaratory and injunctive relief, Dynamic Sports Fitness Corporation of America, Inc., t/a The Sports Club (Sports Club) sought to preclude The Community YMCA of Eastern Delaware County, The Ridley Area YMCA Branch (YMCA) from substantially expanding its facilities to offer a health club. Sports Club also sought a declaration of its rights as against YMCA with respect to this claim. Sports Club brought both claims pursuant to the Institutions of Purely Public Charity Act, 10 P.S. §§ 371–385 (the Act).[1] According to Sports Club, YMCA's operation of a substantially expanded commercial facility violates the Act as it is not consistent with a recognized charitable purpose. (Complaint, R.R. at 5a, citing 10 P.S. 378(b).) Additionally, Sports Club claimed YMCA's operation of a new or substantially expanded health club would allow YMCA to use its tax-exempt status to compete unfairly with a small business, namely Sports Club, in violation of 10 P.S. § 378(a). (Complaint, R.R. at 6a.)[2]

¶ 2 YMCA filed preliminary objections to the complaint, alleging that the trial court lacked subject matter jurisdiction and that the complaint failed to state a claim on which relief could be granted. The trial court sustained the preliminary objections and dismissed Sports Club's complaint. This timely appeal followed.

¶ 3 This court has repeatedly held that pursuant to 42 Pa.C.S.A. § 762(a)(5)(ii), jurisdiction over an appeal in an action involving a not-for-profit corporation properly lies with the Commonwealth Court. *Zikria v. Western Pennsylvania Hospital,* 447 Pa.Super. 80, 668 A.2d 173, 173–174 (1995), citing *Conference of African Union First Colored Methodist Protestant Church v. Shell,* 426 Pa.Super. 374, 627 A.2d 188, 189 (1993); *Orthodox Church in America v. Mikilak,* 344 Pa.Super. 182, 496 A.2d 403 (1985), after transfer, 99 Pa. Cmwlth. 264, 513 A.2d 541 (1986), *appeal denied,* 515 Pa. 602, 528 A.2d 958 (1987).

---

* Retired Justice assigned to Superior Court.

1. 1997, Nov. 26, P.L. 508, No. 55, §§ 1–15. Some sections of the Act were effective immediately, while others were effective in 120 days.

2. Before filing its complaint in the Court of Common Pleas of Delaware County, Sports Club filed a complaint with the Department of State as required by 10 P.S. § 378(i). That section requires the department to establish a system of mandatory arbitration pursuant to 42 Pa.C.S.A. § 7301–7320, governing statutory arbitration, to hear complaints of small businesses aggrieved by an institution of purely public charity's alleged violation of § 378. 10 P.S. §§ 378(i), 378(i)(13). Section 378 further provides that either party may initiate a *de novo* appeal from the arbitrator's decision in the appropriate court of common pleas. 10 P.S. § 378(i)(9).

■ ¶ 4 No appellate court has, however, yet addressed the issue of jurisdiction over an appeal in an action brought pursuant to the Institutions of Purely Public Charity Act. Nevertheless, we find in the legislative intent behind the Act a clear indication that Commonwealth Court should hear such appeals. According to the Act:

(b) **Intent.**—It is the intent of the General Assembly to eliminate inconsistent application of eligibility standards for charitable tax exemptions, reduce confusion and confrontation among traditionally tax-exempt institutions and political subdivisions and ensure that charitable and public funds are not unnecessarily diverted from the public good to litigate eligibility for tax-exempt status by providing standards to be applied uniformly in all proceedings throughout this Commonwealth for determining eligibility for exemption from State and local taxation which are consistent with traditional legislative and judicial applications of the constitutional term 'institutions of purely public charity.'

10 P.S. § 372(b). From the foregoing, it is clear that the major thrust of the Act is to allow for a determination of an institution's eligibility for exemption from state and local taxation, and to do so consistently throughout the Commonwealth.

¶ 5 Prior to the Act's enactment in 1997, Commonwealth Court heard appeals in cases addressing whether an entity qualified as a purely public charity under § 5020–204 of the General County Assessment Law, 72 P.S. § 5020–101 *et seq.*, 1933, May 22, P.L. 853, Art. II, § 204 as amended (repealed in part), a predecessor to the Act. In *Couriers–Susquehanna, Inc.*

v. County of Dauphin, 693 A.2d 626 (Pa. Commw.1997), for example, Commonwealth Court heard an appeal from the County of Dauphin and Dauphin County Board of Assessment Appeals challenging an order of the court of common pleas granting Couriers–Susquehanna a charitable exemption under § 204. *Id.* at 627.[3] *See also Unionville–Chadds Ford School Dist. v. Chester County Bd. of Assessment Appeals*, 692 A.2d 1136, 1137 (Pa. Commw.1997) (appeal from an order of the court of common pleas affirming determinations of the Chester County Board of Assessment Appeals that four parcels of land were exempt from taxation under § 204), *affirmed*, 552 Pa. 212, 714 A.2d 397 (1998); *Trustees of the University of Pennsylvania v. Board of Revision of Taxes of City of Philadelphia*, 168 Pa.Cmwlth. 49, 649 A.2d 154, 156 (1994) (appeal from an order of the court of common pleas affirming a decision of the Board of Revision of Taxes of the City of Philadelphia denying the Trustees' application for exemption under § 204).[4]

■ ¶ 6 In this case, however, YMCA did not object to this court's jurisdiction; therefore "our jurisdiction over this appeal is perfected 'notwithstanding any provision of law vesting jurisdiction ... in another appellate court.'"[5] *Newman v. Thorn*, 359 Pa.Super. 274, 518 A.2d 1231, 1235 (1986), quoting Pa.R.App.P. 741(a). Nevertheless; "it is within our discretion to determine whether transfer to [Commonwealth] court is appropriate." *Wilson v. School District of Philadelphia*, 410 Pa.Super. 416, 600 A.2d 210, 213 (1991). In making our determination:

**3.** *Couriers–Susquehanna* was an appeal to the Commonwealth Court after that court remanded and the trial court granted the exemption, having previously affirmed the trial court's denial of the exemption.

**4.** While in each of these cases a local government unit was a party, a situation not present in this case, it is clear from the language quoted above that a local government unit

will be a party in a majority of the cases decided under the Act.

**5.** This court may raise *sua sponte* the issue whether we should transfer an appeal to Commonwealth Court. *Trumbull Corp. v. Boss Construction, Inc.*, 747 A.2d 395, 399 n. 4, 2000 Pa.Super. Lexis 126 at *10 n. 4 (2000).

[W]e must balance the interests of the parties and matters of judicial economy against other factors such as: (1) whether the case has already been transferred[;] (2) whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject.

*Trumbull Corp. v. Boss Construction, Inc.,* 747 A.2d 395, 399, 2000 Pa.Super. Lexis 126 at *10–11 (2000) (citations omitted).

¶ 7 While it would certainly serve the interests of judicial economy in the short term for this court to retain jurisdiction, we conclude that transfer best serves long-term interests for two reasons. First, as already indicated, Commonwealth Court has historically heard appeals from orders granting or denying tax exempt status based on a determination that an entity is or is not a purely public charity, one of the claims Sports Center presented in its complaint. Thus, Commonwealth Court has developed expertise in this area of the law. *See Newman,* 518 A.2d at 1235 n. 3 (noting that we have not hesitated to transfer cases in deference to our sister court's expertise).

¶ 8 Second, and perhaps more important, this case requires us to interpret a statute not heretofore interpreted by a Pennsylvania appellate court. As we have already indicated, the statute primarily addresses eligibility for tax exempt status, an issue that historically has fallen within the jurisdiction of Commonwealth Court. Furthermore, the issues Sports Center raises on appeal ask us to decide whether common pleas court had subject matter jurisdiction over the claims raised in Sports Center's complaint pursuant to the Act and whether Sports Center had established a *prima facie* case under the Act.

¶ 9 In this case, these determinations appear to call for a fairly straightforward interpretation of the Act. Nevertheless, we are influenced by the legislature's express intent to establish uniform standards for determining eligibility for tax-exempt status in all proceedings throughout this Commonwealth. 10 P.S. 372(b). The requisites for challenging tax-exempt status or for seeking relief pursuant to § 378 should also be uniform. We therefore conclude that retaining jurisdiction could both disrupt the division of labor contemplated by the legislature and create the possibility for two conflicting lines of cases. As a result, we transfer the appeal to Commonwealth Court.

¶ 10 Appeal transferred to Commonwealth Court. Jurisdiction is relinquished.