## Selfspot Inc. v. Butler County Family YMCA

C.P. of Butler County, no. 00-50002.

*Lawrence P. Lutz,* for plaintiff.
*Fred Greenberg,* for defendant.

HANCHER, *J.,* August 15, 2000—Now before the court are the preliminary objections of the defendant, Butler County Family YMCA. For the reasons set forth below, defendant's preliminary objections are sustained.

## I. FACTUAL BACKGROUND

Plaintiff d/b/a The Fitness Factory, is a tax paying small business located at 671 Castle Creek Drive Extension, Seven Fields, Butler County, Pennsylvania.[1] The Fitness Factory has operated as a commercial health club at this location since May 1998. Defendant Butler County Family YMCA, operating as a tax exempt charity, recently announced plans to build a new 35,000 square foot, full-service fitness center along the Route 19 corridor in or near Cranberry Township, Pennsylvania. As the proposed new fitness center would be located approximately five miles from the Fitness Factory, plaintiff presumes defendant would draw members from approximately the same radius and, therefore, the two facilities would be in direct competition.[2]

Plaintiff filed the above-captioned action pursuant to the Institution of Purely Public Charities Act, 10 P.S. §§371-385. The Fitness Factory essentially makes two

---

1. Plaintiff is a "small business" as defined by 10 P.S. §373.

2. The Fitness Factory first filed a complaint with the Department of State as required by 10 P.S. §378(i). Butler Y filed a motion to terminate arbitration. A duly appointed arbitrator issued a decision on December 28, 1999, after conducting a review of the complaint pursuant to section 8(i)(5).

.

claims: first, that the proposed expanded facility would allow the Butler Y to use its tax exempt status to compete unfairly against a small business, namely the Fitness Factory, in violation of 10 P.S. §378(A); and, second, that the Butler Y's ownership and operation of a new, state-of-the-art health club is not consistent with any recognized or authorized charitable purpose. In this action for declaratory and injunctive relief, the Fitness Factory seeks to prohibit the Butler Y from expanding its facilities. In response to the Fitness Factory's complaint, Butler Y filed the instant preliminary objections.

## II. STANDARD OF REVIEW

Preliminary objections in the nature of a demurrer will only be sustained when it appears with certainty that a recovery is impermissible under the alleged facts. *Green v. Mizner,* 692 A.2d 169, 172 (Pa. Super. 1997). The existence of any doubt as to whether the demurrer must be sustained should be resolved by overruling the objection. *Id.* Furthermore, in ruling on preliminary objections, the court "must accept as true all well-pleaded material allegations in [the complaint], as well as all inferences reasonably deduced therefrom." *Envirotest Partners v. PennDOT,* 664 A.2d 208, 211 (Pa. Commw. 1995). It is within the confines of this standard that we will consider this matter.

## III. MERITS OF DEFENDANT BUTLER COUNTY YMCA'S PRELIMINARY OBJECTION

### A. *Lack of Subject Matter Jurisdiction*

The first issue defendant submits is whether this court has subject matter jurisdiction pursuant to the Act to

address plaintiff's claim. Plaintiff asks the court to examine whether the Butler Y's proposal to expand its fitness center is consistent with any recognizable charitable purpose and would constitute unfair competition with the Fitness Factory. We sustain defendant Butler Y's preliminary objection, holding subject matter jurisdiction is lacking to examine this issue pursuant to the Act.

Defendant Butler Y contends subject matter is lacking, because the Fitness Factory does not raise a permissible claim under section 8 of the Act. Section 8 is the only section which provides remedy for a small business alleging a purely public charity is unfairly competing through activities outside the scope of its charter. Butler Y maintains plaintiff's action instead asks the court to examine whether the Y's activity of running a fitness center is a proper charitable purpose pursuant to section 5 of the Act. Butler Y argues only a political subdivision may raise said issue. See 10 P.S. §376(b).

The Fitness Factory insists that it is not challenging the Butler Y's tax exempt status or asserting a section 5 claim. Rather, the Fitness Factory argues the court must *apply* section 5 in performing its analysis of a section 8 unfair competition claim under 10 P.S. §378(B) and (h).

Therefore, it appears plaintiff is arguing the court must look beyond whether the Butler Y is acting outside of its charter and determine if the activity of operating a fitness center complies with Pennsylvania law as a proper charitable purpose.[3] The court finds such an analysis to

---

3. See paragraphs 9, 11, 21, 22, 37, 39, 42, 48, and 50 of plaintiff's complaint.

be inconsistent with the Act and, therefore, subject matter jurisdiction is lacking.

In determining whether subject matter jurisdiction exists, we found no controlling law. Thus, we turn to the statute itself for guidance. When interpreting the statute, however, we need look no further than section 8 itself. It is well settled that "[w]hen the words of the law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing the spirit." 1 Pa.C.S. §1921(b).

"The intention and meaning of the legislature must primarily be determined from the language of the statute itself and not from conjectures aliunde. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Davis v. Sulcowe,* 416 Pa. 138, 143, 205 A.2d 89, 91 (1964).

We find section 8 to be free from ambiguity. Subsection (a) sets forth the intent:

"It is the policy of this Act that institutions of purely public charity shall not use their tax exempt status to compete unfairly with small business."

Subsection (b) delineates the general rule of the section:

"An institution of purely public charity may not fund, capitalize, guarantee the indebtedness of, lease obligations of or subsidize a commercial business that is unrelated to the institution's charitable purpose as stated in the institution's charter or governing legal documents."

Further, a system of mandatory arbitration is provided as a remedy for alleged violations of the unfair competi-

tion ban. 10 P.S. §378(i). "Either party may initiate a de novo appeal from the arbitrator's decision in the court of common pleas of the judicial district in which the arbitration took place within 30 days of the arbitrator's decision." 10 P.S. §378(i)(9).

It is clear that section 8 intends to prohibit institutions of purely public charity from engaging in activities *outside of its charter* that would create unfair competition with small businesses. Section 8 does not permit a small business to bring *any other* type of claim. This section is the only part of the Act providing a remedy for a private party. However, there is a separate section of the Act dedicated for examining whether an institution's purpose is in compliance with the enumerated charitable purposes. Further, the section specifically sets forth a method for resolving disputes. The documents identified for an arbitrator or court to examine during a review are specifically listed—an institution's charter or governing legal document. It is clear that a section 8 claim is solely to examine whether an institution is acting outside the scope of its stated charitable purpose.

The Common Pleas Court of Delaware County recently reviewed this exact issue. Justice Pagano's opinion is particularly insightful. The court found: "[n]owhere . . . does section 378 or any other section of the Act permit a small business to raise the issue of a purely public charity's unfair competition on the basis that its activities were not consistent with a recognized charitable purpose and nowhere does the Act provide a court of common pleas with jurisdiction to review such a claim. The Act very specifically creates a remedial structure limited to a review that a purely public charity's activities are unrelated to its charitable purpose as stated in its

charter or governing legal documents." *Dynamic Sports Fitness Corporation of America Inc. v. Community YMCA of Eastern Delaware County,* no. 98-15569 (C.P. Delaware County, August 4, 1999), *appeal transferred,* 751 A.2d 670 (Pa. Super. 2000). A small business cannot argue that an institution of purely public charity violated another section of the Act.

The closest the Act gets to the type of review plaintiff's request, determining whether defendant's activities are related to an approved charitable purpose, is found under section 6. Section 6 unambiguously states that a *political subdivision* may challenge an institution of purely public charity for not being in compliance with the requirements of section 5, setting out the criterion for a proper charitable purpose. We find that the Act does not permit another party to challenge an institution's status in this manner.

In that plaintiff's complaint does not allege a proper claim under section 8 of the Act, that the Butler Y's proposed new fitness center is unrelated to its charter's stated purpose, this court is unavailable to hear its claim. Therefore, defendant Butler Y's preliminary objection is sustained.

Accordingly, we enter the following:

## ORDER

And now, August 15, 2000, in accordance with the attached memorandum opinion, it is ordered that defendant's preliminary objection in the nature of a demurrer is sustained and plaintiff's complaint is dismissed.