J-S82035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| CHASTITY LESH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ERIE INTERNATIONAL AIRPORT | : | |
| SERVICES, LLC, T/D/B/A ERIE | : | |
| INTERNATIONAL AIRPORT, AND ERIE | : | |
| REGIONAL AIRPORT AUTHORITY | : | |
| | : | |
| Appellees | : | No. 962 WDA 2017 |

Appeal from the Order Entered May 26, 2017
in the Court of Common Pleas of Erie County
Civil Division at No(s): Docket No. 14127-2012

BEFORE:   BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J. **

MEMORANDUM BY STRASSBURGER, J.:   **FILED MARCH 6, 2018**

Chastity Lesh appeals from the order that granted summary judgment to defendants Erie International Airport Services, LLC, t/d/b/a Erie International Airport, and Erie Regional Airport Authority (Defendants or ERAA, collectively[1]) in this slip-and-fall action.  Because this action involves questions of tort claims immunity against a government agency, we transfer this appeal to the Commonwealth Court.

---

[1] According to Lesh's complaint, both defendants have the same business address.  Complaint, 12/24/2012, at ¶¶ 2-3.  The same counsel represents both entities, and refers to them collectively as ERAA.  *See*, *e.g.*, Motion for Summary Judgment, 3/21/2017, at 1.  Based upon our disposition of this appeal, we do not deem it necessary to determine the precise nature and relationship of the two defendant entities.

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

After Lesh slipped and fell on ice near a jet way at Erie International Airport in the course of her employment as a customer service agent for Piedmont Airlines, she filed a complaint against Defendants to recover damages for the injuries she sustained in the fall, alleging one count of negligence. Complaint, 12/24/2012, at ¶¶ 11-13. Following discovery, Defendants filed a motion for summary judgment, claiming immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541. Motion for Summary Judgment, 3/21/2017, at 6-7. The trial court determined that Defendants are entitled to immunity, Trial Court Opinion, 5/26/2017, at 8, and granted them judgment as a matter of law. Order, 5/26/2017. Lesh timely filed a notice of appeal to this Court, and argues that the trial court erred, on several bases, in concluding that Defendants are entitled to immunity.

We first consider the propriety of this Court exercising jurisdiction over this appeal, an issue not raised by either party. This Court has "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S. § 742. Except in situations not present here, "the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases: … Immunity waiver matters.-- Matters

conducted pursuant to Subchapter C of Chapter 85 (relating to actions against local parties)." 42 Pa.C.S. § 762(a)(7). Chapter 85 contains the provisions of the Political Subdivision Tort Claims Act, including the general provision that, "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541.

"[P]ursuant to 42 Pa.C.S.[] § 762(a)(1)(i) and (7), the Commonwealth Court has exclusive appellate jurisdiction of appeals involving tort claims against either a Commonwealth or local agency." *Flaxman v. Burnett*, 574 A.2d 1061, 1064 n.4 (Pa. Super. 1990).

> The obvious legislative intent in granting such exclusive appellate jurisdiction to the Commonwealth Court is to ensure a uniform interpretation and application of the provisions of the Political Subdivision Tort Claims Act. This jurisdiction also extends to all parties and appears in a case as long as at least one party is a local agency and the case is governed at least in part by Political Subdivision Tort Claims Act.

*Brady Contracting Co. v. W. Manchester Twp. Sewer Auth.*, 487 A.2d 894, 897 (Pa. Super. 1985).

Accordingly, the Commonwealth Court has exclusive jurisdiction over this appeal. However, Pa.R.A.P. 741(a) "allows this Court to accept jurisdiction of an appeal that belongs in another appellate court when the

parties do not object."[2] ***Gordon v. Philadelphia Cty. Democratic Exec. Comm.***, 80 A.3d 464, 474 (Pa. Super. 2013) (retaining jurisdiction over appeal argued before this Court where appellees did not object and issues exclusive to Commonwealth Court were tangential to the decision). "Nevertheless, this Court may, *sua sponte*, raise the issue of whether an appeal should be transferred to the Commonwealth Court." ***Smith v. Ivy Lee Real Estate, LLC***, 152 A.3d 1062, 1065 (Pa. Super. 2016).

> In determining whether to retain jurisdiction or transfer an appeal, we balance the interests of the parties and matters of judicial economy against other factors, including: (1) whether the case has already been transferred; (2) whether retaining jurisdiction will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject. We examine each potential transfer on a case-by-case basis.

***Id.*** (internal citations and quotation marks omitted).

While the parties' interest in speedy resolution of the appeal weighs in favor of our retaining it, we conclude that that interest is outweighed in the instant case by the other relevant considerations. The instant case has not been transferred previously. Judicial economy is not much impacted, as this Court has not expended resources in entertaining argument on its merits. More importantly, "the 'obvious legislative intent in granting [] exclusive appellate jurisdiction to the Commonwealth Court is to ensure a uniform

---

[2] Neither party has questioned this Court's jurisdiction over the appeal.

interpretation and application of the Political Subdivision Tort Claims Act.'" ***Newman v. Thorn***, 518 A.2d 1231, 1237 (Pa. Super. 1986) (quoting ***Brady Contracting Co.***, 487 A.2d at 897). Finally, resolution of this appeal requires interpretation and application of a statute with which the Commonwealth Court has expertise that this Court lacks, and for which a uniform body of case law is important. ***See Dynamic Sports Fitness Corp. of Am. v. Cmty. YMCA of E. Delaware Cty.***, 751 A.2d 670, 673 (Pa. Super. 2000) (declining to engage in an apparently straightforward application of the Institutions of Purely Public Charity Act based upon "the legislature's express intent to establish uniform standards for determining eligibility for tax-exempt status in all proceedings throughout this Commonwealth"); ***Newman***, 518 A.2d at 1235 n.3 ("We have not hesitated to transfer cases in deference to our sister court's expertise.").

Accordingly, we transfer this appeal to the Commonwealth Court for disposition on the merits.

Appeal transferred.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/6/2018