J-A12014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| NICOLE B., INDIVIDUALLY AND ON BEHALF OF N.B. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, JASON JOHNSON AND JALA PEARSON | : | No. 3483 EDA 2017 |

Appeal from the Judgment Entered October 4, 2017
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s): April Term, 2014 No. 3745

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                          **FILED MAY 04, 2018**

Nicole B. and son, N.B., appeal the judgment entered against her and in favor of the School District of Philadelphia, Jason Johnson, and Jala Pearson, in this case involving claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963.  Because this case originated in the Pennsylvania Human Relations Commission ("PHRC") and the bulk of the case law addressing the provisions of the PHRA at issue in this case has been developed by the Commonwealth Court, we transfer this appeal to the Commonwealth Court pursuant to Pa.R.A.P. 752(a).

In this case, Appellants allege that in 2011, when N.B. was eight years old, he was harassed in school by three fellow students.  No action was taken after repeated reports of the bullying to N.B.'s teacher and principal.  N.B. was ultimately raped by the three boys in the school bathroom in October

2011.  Appellants filed complaints with the PHRC in early 2014 against the school district, the teacher, and the principal alleging that N.B. was denied a safe educational environment based upon his sex in violation of the public accommodations provisions of the PHRA.  The PHRC dismissed the complaints as untimely under the provision of the PHRA that requires a complaint to be filed within 180 days of the alleged discrimination, and issued Appellants a right-to-sue letter.  Appellants filed a complaint in the Court of Common Pleas of Philadelphia County that was eventually dismissed as untimely.

Appellants timely filed a notice of appeal to this Court raising, *inter alia*, the issues of (1) whether the limitations period for N.B. to file a complaint under the PHRA tolled either by the equitable tolling provision of the PHRA or the general statute that provides tolling for minors, and (2) whether N.B. has a cause of action for indirect discrimination under the PHRA.

This Court issued a rule to show cause why the case should not be transferred to the Commonwealth Court given the School District and its agents are defendants.  We discharged the rule upon Appellants' response, with the proviso that the issue may be revisited by this panel.  Appellees, while indicating that they take no position on the issue, acknowledge that the Commonwealth Court arguably has jurisdiction over this appeal.

Our legislature has vested jurisdiction over certain appeals in the Commonwealth Court, including the following:

(3) Secondary review of certain appeals from Commonwealth agencies.--All appeals from Commonwealth agencies which may

- 2 -

be taken initially to the courts of common pleas under section 933 (relating to appeals from government agencies).

(4) Local government civil and criminal matters.--

(i) All actions or proceedings . . . where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity;

(B) home rule charter or local ordinance or resolution; or

(C) statute relating to elections, campaign financing or other election procedures.

(ii) All appeals from government agencies other than Commonwealth agencies decided under section 933 or otherwise.

42 Pa.C.S. § 762(a).

We have found no precedent concerning these provisions and an appeal from a common pleas court decision following the PHRC's issuance of a right-to-sue letter. The PHRA is a different animal from the laws at issue in prior decisions construing these provisions,[1] as no person can bring a PHRA claim against any defendant, public or private, without first exhausting the administrative remedies supplied by the Act. 43 P.S. § 959. Hence, a

---

[1] **_See, e.g., Derry Twp. Mun. Auth. v. Solomon & Davis, Inc._**, 539 A.2d 405, 407 (Pa.Super. 1988) (holding appeal involving application of the Uniform Arbitration Act to a municipal authority was not within the exclusive jurisdiction of the Commonwealth Court).

- 3 -

government agency (the PHRC) necessarily has some involvement in every PHRA case, as it did in the instant case in making the initial determination that Appellant's claims were untimely.

Further, the policy reasons behind placing cases within the exclusive jurisdiction of the Commonwealth Court under both § 762(a)(3) and (a)(4) are implicated here, as the PHRC and the Commonwealth Court as the exclusive reviewer of the PHRC's determinations have expertise in deciding in the first instance the matters at issue in this appeal (*i.e.*, construing the PHRA's timeliness requirements and tolling provision, and determining whether certain claims are cognizable under the Act). For example, the Pennsylvania appellate decisions in this century concerning the limitations and equitable tolling provisions of the PHRA are Commonwealth Court decisions, not from this Court.

Accordingly, we conclude that the Commonwealth Court has jurisdiction over this appeal. We recognize that Pa.R.A.P. 741(a) "allows this Court to accept jurisdiction of an appeal that belongs in another appellate court when the parties do not object."[2] **Gordon v. Philadelphia Cty. Democratic Exec. Comm.**, 80 A.3d 464, 474 (Pa.Super. 2013). "Nevertheless, this Court may, *sua sponte*, raise the issue of whether an appeal should be transferred to the

---

[2] As noted above, Appellees have chosen to take no position on the jurisdictional question.

Commonwealth Court." ***Smith v. Ivy Lee Real Estate, LLC***, 152 A.3d 1062, 1065 (Pa.Super. 2016).

> In determining whether to retain jurisdiction or transfer an appeal, we balance the interests of the parties and matters of judicial economy against other factors, including: (1) whether the case has already been transferred; (2) whether retaining jurisdiction will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject. We examine each potential transfer on a case-by-case basis.

***Id***. (internal citations and quotation marks omitted).

While the parties' interest in speedy resolution of the appeal militates in favor of our retaining it, we conclude that such interest is outweighed in the instant case by the other relevant considerations. This appeal has not previously been transferred. Judicial economy is not much affected, as this Court has not expended resources in entertaining argument on its merits. Finally, resolution of this appeal requires interpretation and application of a statute with which the Commonwealth Court has expertise that this Court lacks, and for which a uniform body of case law is important. ***See Dynamic Sports Fitness Corp. of Am. v. Cmty. YMCA of E. Delaware Cty.***, 751 A.2d 670, 673 (Pa.Super. 2000) (declining to engage in an apparently straightforward application of the Institutions of Purely Public Charity Act based upon "the legislature's express intent to establish uniform standards for determining eligibility for tax-exempt status in all proceedings throughout this Commonwealth"); ***Newman v. Thorn***, 518 A.2d 1231, 1235 n.3 (Pa.Super.

1986) ("We have not hesitated to transfer cases in deference to our sister court's expertise.").

Therefore, we transfer this appeal to the Commonwealth Court for disposition on the merits.

Appeal transferred.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/18